**UNITED STATES of America,
Appellee,**

v.

**Michael D. WOOD, Appellant.**

**No. 26847.**

United States Court of Appeals,
Ninth Circuit.

July 15, 1971.

Rehearing Denied Aug. 6, 1971.

Gerald H. Robinson (argued), Robinson & Cornilles, Portland, Or., for appellant.

Tommy Hawk, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and BYRNE,* District Judge.

KOELSCH, Circuit Judge.

Michael D. Wood appeals from the judgment convicting him of the crime of refusing to submit to induction into the armed forces of the United States, in compliance with the order of his Local Selective Service Board. 50 App. U.S.C. § 462(a).

The bulk of Wood's points have been foreclosed against him by the Supreme Court's recent decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (April 21, 1971). Principal among them is the contention that the "courtesy interview" extended Wood by the Board, following its order to report for induction, constituted a constructive reopening of his classification at which his claim of conscientious objection was considered and denied on the merits without affording him a hearing and ensuing appeal rights. However, since, as *Ehlert* makes clear, a conscientious objection which matures after the order to report is given cannot be "a circumstance over which a registrant has no control" (32 C.F.R. 1625.2), the Board could not be deemed to have reopened and precluded rights Wood might otherwise have enjoyed. United States v. Nix, 437 F.2d 746 (9th Cir. 1971).[1]

---

* Honorable William M. Byrne, United States District Judge, Los Angeles, California, sitting by designation.

1. 32 C.F.R. 1625.3(a), which requires a reopening for reconsideration of a registrant's classification upon "written request" of the State Director is inapplicable, even if the Director can direct a reopening in late matured conscientious objection situations. Here the latter's

■■ Nor is there merit in the remaining contention which, in substance, is that the trial court abused its discretion in refusing to reopen the evidence to permit proof that Wood refused induction in reliance upon advice of counsel that the order to report was void. At best Wood's mistake was one of law; hence advice of counsel would constitute no defense, for specific intent is not an element of this crime. Williamson v. United States, 207 U.S. 425, 453, 28 S. Ct. 163, 52 L.Ed. 278 (1908).

Affirmed.

communications simply left to the Board the question of a reopening.

We decline to consider Wood's contention in which he attacks the constitutional validity, on Fifth Amendment due process grounds, of the portion of 32 C.F.R. 1624.1 (b) which provides that "no registrant may be represented before the local board by anyone acting as attorney or legal counsel." The issue is sought to be raised for the first time on appeal and would involve the resolution of a factual issue

not pressed below. Parenthetically we note that this court has consistently upheld the regulation against Sixth Amendment attacks—[e. g. United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970)] and that courts generally have likewise done so when reliance was placed on the Fifth Amendment. United States v. Pitt, 144 F.2d 169 (3rd Cir. 1944); United States v. Dicks, 392 F.2d 524 (4th Cir. 1968); United States v. Mendoza, 295 F. Supp. 673 (D.C.E.D.N.Y.1969).