**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Henry LLOYD, Defendant-Appellant.**

**No. 71-2600.**

United States Court of Appeals, Ninth Circuit.

May 8, 1972.

Allen B. Bickart, of Kanne & Bickart, Phoenix, Ariz., for defendant-appellant.

William C. Smitherman, U. S. Atty., Thomas N. Crowe, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before HAMLEY, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

David Henry Lloyd appeals from his conviction for refusing induction into the Armed Forces, in violation of 50 U.S.C.App. § 462. We affirm.

Twenty-two days after Lloyd's local board ordered him to report for induction, he requested a Form 150 for conscientious objector status from his local board. When the board received the completed form, it postponed Lloyd's induction and reviewed the application for conscientious objector status, but declined to reopen Lloyd's classification because there had been no showing of a change in circumstances over which appellant had no control. See 32 C.F.R. § 1625.2. A new induction date was set but Lloyd refused induction, and his conviction followed.

Lloyd argues that, after the local board received his conscientious objector claim, its action thereafter constituted a

de facto reopening of the classification and, since the claim sets forth a prima facie claim for such status, it was improper for the board to reject it, at least without stating its reasons. The board action Lloyd refers to as constituting a de facto reopening was the postponement of induction pending consideration of the conscientious objector claim, and the notice the board sent Lloyd that "If you wish this form to be considered, by the Local Board, it must be returned by 4:30 P. M., 6 May, 1970."

■ These actions by the local board did not constitute a de facto reopening. Since the application for conscientious objector status was filed after the board issued its induction order, the board was without power to reopen the classification unless the board first specifically found that there had been a change in the registrant's status resulting from circumstances over which the registrant had no control. See 32 C.F.R. § 1625.2; Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). The postponement of the induction and the time limit the board gave Lloyd for the filing of the conscientious objector claim was to enable the board to ascertain whether it should make the determination required by 32 C.F.R. § 1625.2 and, if so, whether the classification should be changed. See United States v. Wood, 446 F.2d 505 (9th Cir. 1971).

The board concluded that it could not make the § 1625.2 determination and therefore was foreclosed from reopening the classification. Thus we do not reach the question of whether the application states a prima facie showing of conscientious objector status.

■ Lloyd also contends, in effect, that his conscientious objector claim would have been filed prior to mailing of the induction order were it not for circumstances over which he had no control and concerning which the board was at least partly to blame.

On November 22, 1967, the board mailed Lloyd a Form SSS–100, Series VIII of which provides a place to indi-cate conscientious objection and, if filled in and returned to the board, results in the prompt mailing of an SSS–150 conscientious objector application form. Lloyd lost his Form SSS–100 and the local board notified him he was delinquent in returning it. Lloyd meant to apply for a new SSS–100 form, but what he actually applied for, and received, was a duplicate classification card. Lloyd testified that he also assumed that, since he was delinquent in returning the SSS–100 form, he did not have standing to file a conscientious objector application.

The local board was not to blame for any of these circumstances. There is no evidence that he was misled by an employee of the board causing him to file his conscientious objector application too late. See United States v. Lowell, 437 F.2d 906, 907 (9th Cir. 1971), and cases therein cited. The delay was due entirely to Lloyd's own conduct and mistaken assumption.

Affirmed.