**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Michael GERIN, Defendant-Appellant.**

**No. 72-1368.**

United States Court of Appeals, Ninth Circuit.

July 6, 1972.

Rehearing Denied Oct. 4, 1972.

Phillip B. Patton (argued), Santa Cruz, Cal., for defendant-appellant.

Frederick Tilton, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and WILLIAMS, District Judge.*

DAVID W. WILLIAMS, District Judge:

After several classifications and re-classifications by his local board, Thomas Gerin was finally classified 1-A on October 6, 1969 and after his appeal on medical grounds was denied, he was on May 20, 1970 issued an order to report for induction on June 17, 1970. This induction date was later postponed to permit a review of his physical fitness for service and while that petition was pending, the registrant filed a request to be classified as a conscientious objector. In September of 1970 the local board denied him a C.O. status and fixed a new induction date. Appellant requested the State Director to intervene in the matter of his C.O. claim but this was rejected. Appellant then refused induction and his indictment and court-trial conviction followed from which he now appeals.

Gerin raises the following arguments on appeal:

1) The local board should have re-opened his case to reconsider his C.O.

---

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

claim though it was filed after a notice of induction had been issued to him because circumstances beyond his control prevented him from filing prior to the induction notice.

2) The State Director should have intervened at Gerin's request.

3) His selection for induction was the result of an order of call that was prejudicial to him.

■ Appellant contends that since he did not believe in a Supreme Being he did not realize he was nonetheless eligible to file a claim for conscientious objector status until the case of Welsh v. United States [1] clarified this right. Welsh was filed on June 15, 1970 and the next day Gerin requested a form 150 from his local board which he returned completed approximately two months later. Appellant's request for a C.O. status was first made subsequent to his having received a notice of induction and under these circumstances the local board is not required to reopen his file for a consideration of the claim unless the late filing was due to circumstances beyond the control of the registrant. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); 32 C.F.R. 1625.2. Gerin would have us excuse his untimely filing upon the ground that since he first learned that his views against war would be considered by the local board though they were not based upon religion, as a result of his reading the Welsh case, this was a circumstance beyond his control. We must reject this argument. Local boards have entertained applications for C.O. status from registrants who claimed their views were not the product of traditional religious training since United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L. Ed.2d 733 (1965). Seeger clarified the meaning of religious training and belief in a Supreme Being as whether a given belief that is sincere occupies a meaningful place in the life of the holder par-

allel to that filled by the orthodox belief in God by one who clearly qualifies for the exemption. This would still exclude purely political or philosophical views or those based upon a personal moral code.

Thus it is clear that five years before the Welsh case, Seeger opened the way for a consideration of a claim similar to that held by appellant and that at most, Welsh merely elaborated upon the type of the belief. Gerin, then, labored under a mistaken version of the law as it existed when his C.O. claim could have been timely filed and therefore we conclude that Welsh brought no duty upon the local board to reopen. See United States v. Wood, 446 F.2d 505 (9th Cir. 1971).

In denying Gerin's claim his local board concluded that, (a) he demonstrated no sincere conscientious objector views, and (b) he switched to the claim of conscientious objector only after finding he could not receive a medical deferment. Appellant urges that his variety of claims for deferment affords no proof of insincerity and that his case is to be distinguished from Witmer v. United States of America, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). Our conclusion that the conscientious objector claim was untimely filed precludes consideration of this argument.

■ Gerin held a selective service system random sequence No. 170. He claims that the Selective Service System's State Director's issuance of a notice of call on his local board which failed to specify the number of men to be called and instead called for all registrants who held numbers up to 170 was a violation of military Selective Service Act of 1967 § 5(b) and 32 C.F.R. 1631. This issue was decided against appellant's position in United States v. Thompson, 443 F.2d 341 (9th Cir., 1971). Thompson held that the State Director has the discretion to impose or to refrain from imposing monthly quotas. In Thompson, as here, there was no

1. 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).

indication that the registrant was called out of order or suffered any prejudice as a result of this procedure. We see no reason to reconsider our earlier ruling.

Affirmed.