**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel John GUARALDI, Defendant-Appellant.**

**No. 72-1588.**

United States Court of Appeals,
Ninth Circuit.

Oct. 12, 1972.

Rehearing En Banc Denied
Dec. 19, 1972.

---

4. The China, 1869, 74 U.S. (7 Wall.) 53, 19 L.Ed. 67.

5. Griffin on Collision, 1949, § 194, pp. 444–447.

David Nawi (argued), of Treuhaft, Walker & Burnstein, Oakland, Cal., for defendant-appellant.

Frederic F. Tilton, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before JERTBERG, KOELSCH and TRASK, Circuit Judges.

KOELSCH, Circuit Judge.

Daniel J. Guaraldi appeals from a judgment convicting him of refusal to submit to induction into the armed forces [50 U.S.C. App. § 462]. We affirm.

Appellant was classified I–A in late 1965. At the time he was a first-year student at San Jose State College, and he wrote to his board to inform it of this fact, although he did not submit a formal request for a student deferment until he was reminded by the board to do so. After receiving his deferment application (S.S. Form 104) and certification from the college of his enrollment (S.S. Form 109), the board, in August, 1966, reclassified him II–S. In its original certificates, the college certified that appellant's expected graduation date was June of 1969. However, at the beginning of the following school year, the college submitted a certificate which indicated that appellant would not graduate until January of 1970. After ascertaining that appellant had indeed fallen behind in credits and would not graduate within four years, the board thereupon reclassified him I–A. Appellant then declared his intention to appeal his classification, and, at the same time, sought a hardship (Class III–A) deferment. He stated on the Dependency Questionnaire (Form 118) that his weekly income from part-time work was $60, of which he contributed approximately half to his parents; that his father was disabled due to a heart condition; and that his parents' total income consisted of Social Security and Veterans Administration benefits of approximately $3,700 per annum. He noted, in addition, that "My father is dependent upon me because of his totally disabled condition. I do the work around the house that he is unable to do and my financial support aids in helping my family." Appellant personally appeared before the board and discussed both his student and hardship claims, but the board, on October 22, 1968, decided to retain him in Class I–A. Appellant's file was forwarded to the appeal board in June of 1969. The latter, in November, 1969, returned the file to the local board with instructions to issue appellant another Dependency Questionnaire, to obtain a complete financial statement, and to then return the file. Local board records show that the questionnaire was mailed to appellant on January 28, 1970, and that, when it was not returned, the file was then forwarded on April 17, 1970 to the appeal board. One month later, the appeal board retained appellant in Class I–A. The local board informed appellant of the appeal board's action on June 12, and one week later appellant was sent an order to report for induction on July 15.

At the time he received his induction notice, appellant was attending summer classes at Fresno State College, and he requested a postponement of his induction, as he was scheduled to graduate from that college at the end of the summer term. The board notified appellant that it would transfer his induction to Fresno, and that the transfer would serve to postpone his induction and give him the time he needed to graduate. On July 28, appellant wrote to the board and told them that he was a conscientious objector, and requested the board to send him a Special Form for Conscientious Objectors (Form 150). The board mailed him the Form 150, which appellant returned in August. After reviewing his conscientious objector application, the board concluded that reopening of his classification was not warranted. This decision was reviewed by state and national Selective Service authorities, and on January 15, 1971, the board directed appellant to report for in-

duction. He reported but refused to submit.

### The II–S Claim

■ 50 U.S.C. App. § 456(h)(1) provides that, "A deferment granted to any person under [this provision] shall continue until such person completes the requirements for his baccalaureate degree, fails to pursue satisfactorily a full-time course of instruction, or attains the twenty-fourth anniversary of the date of his birth, whichever first occurs. * * * *" Both this court and other Courts of Appeals have held that where the information supplied by the college shows that the student registrant has fallen behind in his credits and will graduate later than his originally anticipated graduation date, a local board has a basis in fact for terminating the registrant's student deferment. United States v. Jenson, 450 F.2d 1258 (9th Cir. 1971); United States v. Olson, 447 F.2d 1362 (9th Cir. 1971); Coleman v. Tolson, 435 F.2d 1062 (4th Cir. 1970); United States v. Brooks, 415 F.2d 502 (6th Cir. 1969). Appellant's file shows that the first enrollment certificates submitted by his college certified that he would graduate in 1969; however, in later certificates, the school certified that he would not graduate until 1970. Therefore the board had a basis in fact for concluding that appellant was not "satisfactorily pursuing a full-time course of instruction," and the II–S deferment was properly denied.

### The Hardship Claim

■ Appellant urges that the local and appeal board's failure to state reasons for the denial of his requested hardship classification constitutes error under this court's decision in United States v. Haughton, 413 F.2d 736 (9th Cir. 1969). We disagree. Haughton involved a registrant who sought conscientious objector status, an area of selective service law which had been the subject of considerable litigation. We held that, in view of recently announced standards governing eligibility for conscientious

objector status [see, e. g., United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965)], a board's denial of a C.O. application which stated a prima facie claim was required to be supported by the board's statement of reasons for the denial. "Otherwise a court cannot determine whether a board's denial of a requested classification was based on a belief that the registrant's statements, even if true, did not entitle him to the classification, or on the reasonable disbelief of certain allegations necessary to the registrant's prima facie case." 413 F.2d at 739.

In United States v. Kember, 437 F.2d 534 (9th Cir. 1970), this court held that Haughton ". . . requires that the appeal board as well as the local board state its reasons for denial of a conscientious objector claim where the application therefor is prima facie sufficient, unless the appeal board's reasons can be determined from the agency record with reasonable certainty." 437 F.2d at 536.

Here, applying Haughton, as amplified by Kember, we conclude that the reason for the appeal board's denial of appellant's requested hardship classification can be ascertained from the administrative record "with reasonable certainty." Only a registrant whose induction would work "extreme hardship . . . to his . . . parent . . . who is dependent upon him for support . . ." is entitled to the III–A classification. 32 CFR § 1622.30. Each registrant is to be "considered as eligible for military service until his eligibility for deferment is clearly established to the satisfaction of the local board." 32 CFR § 1622.1. Reviewing the record, we note that the appeal board, in November, 1969, returned appellant's file to the local board with instructions to send appellant another Dependency Questionnaire, to be returned "with a complete financial statement." The inference is plain from this directive that the appeal board concluded that appellant's showing was deficient. Appellant, although put on notice and requested to supply additional informa-

tion, failed to avail himself of this opportunity. On this record, the board had a sufficient basis for denying the requested classification. The mere fact that a registrant contributes money to his parents does not establish that the parents are "dependent upon him for support," or that they would suffer hardship in the event of his induction. Other than bare income figures and a doctor's letter referring to the father's health, appellant supplied the board only with conclusory statements in support of his application. This was not enough. We are satisfied that it was for this reason that the board denied the hardship classification, and its determination is supported by the record.

*The Conscientious Objector Claim*

 Where a conscientious objector claim is filed after the registrant has received his induction notice, the local board is not required to reopen the registrant's classification unless he provides evidence that his change in status is due to circumstances beyond his control. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. Stock, 460 F.2d 480 (9th Cir. 1971); United States v. Lloyd, 460 F.2d 1052 (9th Cir. 1971). Appellant urges that his type of beliefs were not administratively recognized as a form of conscientious objection prior to the Supreme Court's decision in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), and that the *Welsh* decision (which was decided four days before appellant's induction notice was issued, and which he discovered shortly after he received his notice) thus constituted "circumstances beyond his control" which would require the board to consider his post-induction C.O. claim on the merits. This same contention was recently rejected by this court in United States v. Gerin, 464 F.2d 492 (9th Cir. 1972). That decision is controlling here.

Appellant's remaining contentions are of insufficient merit to warrant extended discussion. His assertion of prejudice from the local board's delay in forwarding his file to the appeal board [see 32 CFR § 1626.14] is without merit. If his appeal, filed in December, 1967, had been handled with reasonable dispatch, there is no possibility that appellant's C.O. claim, filed in July, 1970, could have predated a valid induction order. His claim that the board may have relied on "hostile" information in his file is utterly without foundation. And no showing has been made that appellant's selective service file was incomplete or inaccurate.

The judgment is affirmed.