**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Donald BRUMMEL, Defendant-Appellant.**

**No. 72–2854.**

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1973.

Rehearing Denied March 13, 1973.

**1264**

Patrick K. Stiley (argued), of Fredrickson, Maxey, Bell & Allison, Spokane, Wash., for defendant-appellant.

Carroll D. Gray, Asst. U. S. Atty. (argued), Dean C. Smith, U. S. Atty., Spokane, Wash., for plaintiff-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

The Defendant-Appellant, Michael Donald Brummel (Brummel), was convicted for refusing to submit to induction under Title 50 U.S.C. App. Section

462. He was sentenced to custody and probation. He appeals and is at liberty on bail. We affirm.

Brummel claims the Selective Service Board (Board) erred in failing to honor his post order of induction claim of conscientious objector status.

On March 12, 1969 Brummel was classified I-A by his Board. On April 17, 1970 he was ordered to report for induction on a future date certain, extended ultimately until January 25, 1971, for his convenience. On June 15, 1970, the opinion in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 was entered. On August 29, 1970 he wrote the Board:

> "I wish to be considered and classified as a concientious (sic) objector by my local Board."

The Board supplied Brummel with the special form for conscientious objectors and on September 14, 1970 he filed the same, wherein he stated his belief in the "one true God and his son, our Lord Jesus Christ"; further, that he would engage in neither non-combatant nor combatant duty because,

> " . . . by doing this I would be condoneing (sic) a system that is against everything I believe in, a system that I would like to see destroyed."

Unlike the registrant in United States v. Foster, 439 F.2d 29 (9 Cir. 1971) and Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), Brummel did not present a *prima facie* claim of conscientious objector status. He did not claim any crystallizing or late maturing of conscientious objection. However, the Board gave him all consideration and heard him orally. He stated to the Board he had "found the Lord about six months ago"; further, that he "didn't believe in the government." The Board thereupon found:

> " . . . the information submitted after (Brummel's) Order to Report for Induction was mailed was not evi-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

dence of a change in your status resulting from circumstances over which you had no control," and concluded to deny a reopening of Brummel's file.

The Board was right and we affirm United States v. Gerin, 464 F.2d 492 (9 Cir. 1972).

Defendant's enlargement on bail is revoked, effective now.

Affirmed.