UNITED STATES of America,
Appellee,

v.

Victor H. WILKENING, Appellant.

No. 73–1177.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Sept. 26, 1973.

Paul E. Watts, Omaha, Neb., for appellant.

William K. Schaphorst, U. S. Atty., and G. Roderic Anderson, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Victor H. Wilkening was found guilty by a jury of violating 18 U.S.C. §§ 922(a)(1)[1] and 924(a)[2] in that he en-

---

* Eastern District of Michigan, sitting by designation.

1. 18 U.S.C. § 922(a)(1) states:
   (a) It shall be unlawful—
   (1) for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport, or receive any firearm or ammunition in interstate or foreign commerce.

2. 18 U.S.C. § 924(a) reads in part:
   (a) Whoever violates any provision of this chapter * * * shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

gaged in the business of dealing in firearms without a license in contravention of the Gun Control Act of 1968. The trial court placed him on probation. He brings this appeal.

Appellant-Wilkening does not deny unlicensed gun transactions between himself and special agents of the Bureau of Alcohol, Tobacco and Firearms. On appeal, however, he asserts that he was not "engaged in the business of dealing in firearms" and thus his conviction under 18 U.S.C. § 922(a)(1) was improper. In support of this contention, he claims that his activities in buying, selling, and trading firearms were a hobby, rather than a business, and his total profit from 20 sales over a 17-month period was only $350. We reject this argument and affirm the conviction.

The relevant provision of the Gun Control Act of 1968 defines a "dealer" as "any person engaged in the business of selling firearms or ammunition at wholesale or retail * * *." The Seventh Circuit in United States v. Gross, 451 F.2d 1355 (7th Cir. 1971), has construed this language to encompass:

> [A]nyone who is engaged in *any* business of selling firearms, and that "business" is that which occupies time, attention and labor for the purpose of livelihood or profit. *Id.* at 1357.

■ Appellant-Wilkening contends that to come within this concept, a person must deal in firearms as his business, as the term business is commonly understood. He argues that since his chief occupation consisted of working for a Y.M.C.A., he did not engage in the business of dealing in firearms merely because he engaged in buying, selling, and trading firearms as a hobby. The decision in *Gross* serves to reject this argument. There, the defendant worked in the sporting goods department of a discount store. Because the store did not accept used guns as trade-ins, the defendant on occasion would personally buy the customer's used guns so that the customer could apply the proceeds to the purchase of a new gun at the store. The defendant sold six of the guns he had acquired in this way to the police and five firearms were sold to other persons. In light of these facts, the court found that there was sufficient evidence that the defendant was acting as an unlicensed "dealer" in violation of 18 U.S.C. § 922(a)(1). *See also* United States v. Zeidman, 444 F.2d 1051 (7th Cir. 1971). *Cf.*, Kaneshiro v. United States, 445 F. 2d 1266 (9th Cir.), cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971).

■ Additionally, the Sixth Circuit has accepted this definition of the term "dealer" in United States v. Day, 476 F. 2d 562 (6th Cir. 1973). In United States v. Jackson, 352 F.Supp. 672 (S. D.Ohio 1972), the court concluded that a person is engaged in the business of dealing in firearms if he has guns on hand or is ready and able to procure them and sell them to such persons as might accept them as customers. Defendant-Jackson, a full-time employee of the post office, claimed that his occasional hobby sales of guns at various flea markets did not make him a dealer under § 922(a)(1). The court disagreed, citing the following evidence as showing him to be a dealer:

> [M]ultiple sales of firearms conducted regularly at gun shows on a continuing basis; the setting up of a glass display case; the displaying of numerous long guns and handguns, which are not curios or relics; the taking of orders for firearms; and the profit-making from the sale of such firearms. *Id.* at 676.

Appellant cites no case and we have found none holding that dealing in firearms must be a defendant's primary business or that he must make a certain amount of profit from it. Here, the record shows that Wilkening regularly attended flea markets and gun sales, and often sold on one day a weapon acquired by him on the day before. Although some of the guns he acquired and sold were collector's items, many were ordinary guns. Further, a witness testified

that when the appellant sold him a derringer, the appellant told him that this gun was a fast-moving item and that he had sold as many as 50 just like it, as many as three of them in one gun show.

The evidence here suffices to show Wilkening as one who engaged in the business of dealing in firearms within the purview of § 922(a)(1). Accordingly, we affirm.