**UNITED STATES of America**

v.

**Richard Sorrells TICKNOR.**

**Crim. A. No. 18180.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 25, 1974.

348

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

E. Mike Ellis, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendant, Richard Sorrells Ticknor, is charged .in a two-count indictment with willfully and knowingly failing and neglecting to comply with an order of his local board to report for and to submit to induction into the Armed Forces of the United States on October 19, 1972 and December 6, 1972. (50. App.U.S.C. § 462.)

The parties have submitted to the Court stipulations as to all material issues of fact, together with briefs of law.[1] Additionally, the Government and defendant, by his retained counsel, E. Michael Ellis, have agreed that the decision by the Court on the briefs, stipulations and exhibits will determine the guilt or innocence of the defendant on the charges contained in the indictment, and the appropriate waiver has been executed.

The record discloses the following pertinent facts: Defendant duly registered with his local draft board in 1964 and from that time until 1969 was classified II–S. Upon graduation from college he was classified I–A but upon proper application was reclassified II–A due to his status as teacher in the public school system of Nansemond County, Virginia. In February, 1972, defendant resigned from his teaching position and on March 21, 1972 he was re-classified I–A.

On September 11, 1972, Ticknor was sent Selective Service Form 252 instructing him to report for induction on October 19, 1972. Thereafter, he visited the secretary of the board and, according to his subsequent letter, was told that there was nothing he could do.

1. Defendant's complete Selective Service record has likewise been entered as an exhibit to the Government's brief.

On October 25, defendant wrote the board reminding them that he had been married in July and was attempting to adopt his wife's child by a previous marriage. He further stated that he had inquired into the possibility of obtaining a III–A deferment but that the inquiry was met with skepticism. Additionally, defendant related the emotional impact that his reclassification and induction notice had on himself, his wife and his mother, who was then caring for his recently widowed grandmother. In conclusion, Ticknor requested the board to cancel the induction order and allow him time to submit evidence regarding his deferment status. Defendant's wife likewise wrote a letter explaining the family situation and requested that he be granted a III–A deferment.

On October 17, the board met and considered defendant's request. Letters from defendant's father, mother, minister, and close friend were reviewed in addition to those already submitted by the registrant and his wife. Those submitted by the mother, father, and minister reflect the fact that defendant's mother depended upon him for physical assistance and emotional encouragement due to the fact that since the death of defendant's grandfather the sole care of the widowed grandmother has rested upon her. The board concluded that the evidence submitted did not merit reopening of defendant's classification. Accordingly, the board informed defendant's mother of their decision and advised defendant, by letter dated October 18, 1972, that he was to report for induction on October 19, 1972 as previously ordered.

Defendant failed to appear for induction on October 19, and by letter dated November 6, 1972, the board advised him that if he failed to present a reason for his non-appearance, it would report him to the United States Attorney as a violator.

On November 18, 1972, defendant advised the board that he failed to appear as ordered because he was some 800 miles from Tennessee visiting friends when his daughter became too ill to travel. The letter continued:

"At this time I am requesting that you re-issue my induction order for a date in December so that I will have another chance to report for induction. I am quite willing to abide by your decision concerning my request for a III–A deferment. All I am asking is that I be given another chance to report for induction so I will not be declared delinquent and reported to the U. S. Attorney."

Pursuant to this request, the Executive Secretary notified Ticknor on November 29, 1972 to report on December 6, 1972 (hereafter called letter order). However, defendant again failed to report as ordered and by letter dated December 7, 1972, defendant advised the board of reasons of his not reporting. In essence the letter stated that having sought advice of counsel, he was under the impression that the recent amendments to the regulations exempted him from induction upon reaching age twenty-six. This criminal action was then instituted against defendant as a violator.

The issues presented are:

(1) Whether the file of the defendant, Richard Ticknor, was reopened by Local Board No. 1 after September 12, 1972 and before October 19, 1972?

(2) If the answer to No. 1 is "Yes," was defendant subject to induction on December 6, 1972, since he had attained age twenty-six on November 1, 1972, some twenty-eight days before the letter order was forwarded defendant?

(3) If the answer to Issue No. 1 is "No," did the board excuse defendant's failure to appear on October 19, 1972 by issuing the letter order of November 29, 1972?

(4) If defendant's non-appearance of October 29 was excused by the letter order, did he violate the Selective Service Laws by his failure to report on December 6, 1972?

The record clearly reflects that defendant was classified I–A on March 21,

1972 and was thereupon advised of his right to appeal the classification within fifteen days. No appeal was taken. Defendant informed the board of his desire to seek a III–A deferment for the first time after the board had issued Selective Service Form 252 ordering him to report for induction on October 19, 1972. Accordingly, he was precluded from seeking a re-classification under Title 32 C.F.R. Part 1624 and was required to proceed under Title 32 C.F.R. Part 1625.[2]

The first question, therefor, is whether Local Board No. 1 reopened defendant's classifications, or in the alternative if it did not, whether such procedure was required under the applicable regulations. From the facts presented in the record, we find that the board did not reopen defendant's classification and further find that such reopening procedure was not required.

■ In order for a registrant to obtain a reopening of his classification after he has received a form notice to report for induction, he must not only present to the board nonfrivolous allegations of fact which were not previously considered at the time he was classified and which state a prima facie case for re-classification, but the facts presented must result from circumstances over which the registrant had no control. Title 32 C.F.R. § 1625.2; Mulloy v. United

States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). If the registrant satisfies these requirements the board must reopen his classification.

■ In the instant case, defendant presented two sets of circumstances which he believed entitled him to a III–A deferment, namely, his marriage and subsequent efforts to adopt his wife's child and his mother's physical and mental dependency upon him after she was required to take sole custody of his recently widowed grandmother. It is the opinion of the Court, and the Court finds, that the first set of facts do not present circumstances over which the defendant had no control. Accordingly, the board's decision not to reopen the registrant's classification was justified as to this ground. United States v. Jenson, 450 F.2d 1258 (9th Cir. 1971); United States v. Wood, 446 F.2d 505 (9th Cir. 1971).

The second ground asserted by defendant, however, requires closer analysis since the circumstances alleged were clearly beyond his control. In his letter of October 5, 1972, Ticknor advised the board of the death of his grandfather and the resulting burdens placed upon his mother. Three of the letters submitted at the October 17th meeting of the board stress the emotional state of defendant's mother, and in particular, Mrs. Ticknor stated that she was dependent

---

2. "§ 1625.1 *Classification not permanent.*

"(a) No classification is permanent."

"§ 1625.2 *Reopening of classification.*

"(a) The local board will reopen and consider anew the classification of a registrant:
. . . (3) in any classification for the purpose of classifying him in Class I–II according to these regulations and the rules prescribed by the Director; . . . *Provided,* That in the event of paragraph (a)(4) or (5) of this section, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an order for induction or alternate service or, in the event the order to report for induction or alternate service was postponed and a subsequent letter from the local board establishes the date for induction or for reporting for alternative service, unless the local board first specifically finds there has been a change in the registrant's status

resulting from circumstances over which the registrant had no control."

"§ 1625.4 *Refusal to reopen and consider anew registrant's classification.*

"When a registrant files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board (a) shall record in the registrant's file the reasons for its decision not to reopen his classification, and (b) shall advise the registrant by letter of its decision not to reopen his classification and the reasons therefor."

upon her son for physical assistance and emotional encouragement. Mr. Ticknor, defendant's father, likewise related that his son's presence would aid the mother through a difficult period. The evidence, therefore, shows that if defendant was not inducted some of the stress upon his mother would be alleviated.

 Nevertheless, the Court is of the opinion that the regulations permitting deferments in the case of hardship situations must be interpreted with emphasis placed on extreme hardship. Title 32 C.F.R. § 1622.30; Brede v. Allen, 311 F.Supp. 599 (N.D.Ohio, 1969). Neither the letter submitted by defendant nor those presented on his behalf show that his mother's physical and mental tensions could be eliminated only by defendant's presence at home. The record clearly shows that Mrs. Ticknor not only enjoys the support of her husband, but has three sisters, one of whom is unmarried, and a married brother who could provide aid in caring for their mother. The record further reflects that defendant lives in Knoxville, Tennessee, which is in excess of twenty miles away from his family home. While the Court is sympathetic with a mother's distress over the induction of her son into the Armed Forces, this factor cannot, under the circumstances presented here, persuade the Court to conclude that defendant presented a prima facie case for reclassification under Title 32 C.F.R. § 1622.30.

Additionally, defendant's letter of November 18, 1972 advising the board of his reasons for not appearing for induction as ordered on October 19 clearly demonstrated that he was quite willing to abide by the board's decision regarding his request for a III–A deferment. At that time, defendant sought only a second chance to report.

The Court, therefore, finds that defendant was not entitled to a reopening of his classification.

 Nor did the board's action in allowing defendant to present evidence at its October 17th meeting in support of his claim for a deferment constitute a reopening of his classification. To the contrary, this meeting was held for the sole purpose of determining whether defendant presented a prima facie case for reclassification and was, at most, a "courtesy appearance." See e. g. United States v. Jenson, 450 F.2d 1258 (9th Cir. 1971); United States v. Wood, 446 F.2d 505 (9th Cir. 1971); United States v. Hosmer, 434 F.2d 209 (1st Cir. 1970). Accordingly, defendant remained under a continuing duty to report for induction. United States v. Greene, 456 F.2d 256 (9th Cir. 1972); United States v. Lane, 442 F.2d 415 (9th Cir. 1971); Brede v. Allen, supra.

 Defendant however, contends that the letter order of November 29, 1972 constituted a postponement of his induction and "was a forgiveness of his failure to report on October 19, 1972." We disagree. Since the original order to report for induction was valid, and since the board was not required to reopen defendant's classification, the letter order of November 29 was merely a means of setting a new date to report in accordance with the existing valid induction order. United States v. Clark, 468 F.2d 708 (3rd Cir., 1972). It neither constituted a postponement of induction under Title 32 C.F.R. Part 1623 nor, from the record as a whole, can such be construed as a waiver of defendant's failure to report as originally ordered.

 Finally, the Court concludes that since defendant was subject to a valid order to report for induction before he attained age twenty-six and since he was under a continuing duty to report, the fact that he reached such age prior to the time he was to actually report for induction is immaterial.[3] Therefore, Ticknor's failure to report on December 6, 1972 as instructed in the letter order

---

3. At the time defendant was first ordered to report, Title 32 C.F.R. § 1631.6(d)(7) was in effect, which provision states:

"A registrant . . . can be inducted under those provisions after he has attained the age 26 only if he has extended

of November 29, 1972 was not excused and was in violation of the Selective Service laws.

In summary, we hold as follows in response to the issues stipulated by the Government and defendant:

(1) The board did not reopen defendant's file after September 12, 1972 and before October 19, 1972.

(2) Defendant was subject to induction on December 6, 1972.

(3) The board did not excuse defendant's failure to appear on October 19, 1972 by issuing the letter order of November 29, 1972.

(4) Defendant did violate the law by his failure to report on December 6, 1972.

Accordingly, the Court finds defendant, Richard Sorrells Ticknor, guilty on both counts as charged in the indictment.

liability and has been issued an order to report for induction prior to such birthday."

This section was deleted by later amendments to the regulations.