UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark Randall WINDSOR, Defendant-
Appellant.

No. 72–3526.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1973.

Rehearing and Rehearing En Banc
Denied April 2, 1974.

state adequate reasons for denial, and (3) that the Appeal Board's affirmance of the denial was invalid for failure to state any grounds for its action. Deciding all of these issues in favor of the validity of the induction order, we affirm the conviction.

Windsor was a senior at Gainesville High School, Gainesville, Florida, when he registered for the draft in 1969. After graduation his I–S(H) student deferment was changed to I–A. In October 1970, he was ordered to take the pre-induction physical examination and was subsequently found fully acceptable for military service. Shortly thereafter, Windsor completed SSS Form 150 petitioning for conscientious objector status.

Although Windsor's I–A classification was reopened and reviewed, the Local Board unanimously denied his conscientious objector claim and informed him of such in a brief letter from the Board's executive secretary.[1] That adverse ruling was appealed to the Appeal Board which unanimously affirmed without reasons the Local Board's denial.

Fred C. Isaac, (Court-appointed), Samuel S. Jacobson, Jacksonville, Fla., Mark Windsor, Gainesville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., John J. Daley, Jr., Asst. U. S. Atty., for plaintiff-appellee.

Before BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.

RONEY, Circuit Judge:

Mark Randall Windsor was convicted under 50 App. U.S.C.A. § 462(a), for failing to report for induction into the United States Army, D.C., 351 F.Supp. 215. On this appeal he challenges the induction order on three grounds: (1) that the local draft board's denial of his request for conscientious objector status was invalid because the Board applied an improper standard in considering Windsor's application, and (2) did not

I.

The standard by which the Selective Service System must judge an application for conscientious objector status has been developed by case law from the statutory requirement set forth in 50 App. U.S.C.A. § 456(j):

> (j) Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form.

In United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), the United States Supreme Court interpret-

---

1. The text of the letter reads
   Your claim as a conscientious objector was considered by the Board on February 12, 1971, and in their opinion your professed belief in opposition to war is not a compelling or controlling force in your life, but is simply an expedient to avoid military service at this time and that you are not sincere in your professed belief.

ed the statute and established that one who holds

> [a] sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption comes within the statutory definition.

380 U.S. at 176, 85 S.Ct. at 859. The Court in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), amplified the rule in *Seeger* by holding that a deeply and sincerely held moral and ethical belief may qualify even though the registrant considers it to be non-religious and it is substantially based on public policy considerations.

■ The test boils down to the sincerity of one's belief in the opposition "to participation in war in any form." *See* Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). That is the standard that draft boards must utilize in weighing a petition once the registrant has established a prima facie case for conscientious objector status. United States v. Stetter, 445 F.2d 472 (5th Cir. 1971); Helwick v. Laird, 438 F.2d 959 (5th Cir. 1971).

■ Windsor contends that the Local Board used more than the "sincerity" test in evaluating his prima facie case. He points to the language in the Local Board's denial letter as proof of an engrafted standard:

> [Y]our professed belief in opposition to war is not a compelling or controlling force in your life, but is simply an expedient to avoid military service at this time and that you are not sincere in your professed belief.

Basically he argues that his belief does not have to be a "compelling or controlling force" in his life to be sincere. *See* Helwick v. Laird, 438 F.2d 959 (5th Cir. 1971).

A careful reading of the Local Board's letter of denial, however, reveals that the Board relied on the sincerity standard. The language "compelling and controlling force" was opined to elucidate Windsor's lack of sincerity and was not

an additional test. In Silverthorne v. Laird, 460 F.2d 1175 (5th Cir. 1972), the Army denied the petitioner a conscientious objector discharge because he "lacks the depth of conviction required." 460 F.2d at 1182. The Court explained

> Though the Board phrased its denial in terms of lack of depth of conviction, it obviously meant lack of sincerity. As such, the opinion of the CORB does not run afoul of Helwick, [v. Laird, 438 F.2d 959 (5th Cir. 1971)], wherein this Court noted that "depth and maturity" of one's views is not a proper consideration. It is apparent that the Review Board in this case was not alluding to the maturity of Silverthorne's convictions but to his sincerity.

460 F.2d at 1185. The Local Board was alluding to one facet of Windsor's insincerity and not to the maturity of his convictions. We do not perceive that a more rigorous standard was applied.

## II.

■ Windsor contends that the Local Board did not comply with our decision in United States v. Stetter, 445 F.2d 472 (5th Cir. 1971). *Stetter* requires a Local Board to state why it is rejecting a conscientious objector petition so that the registrant may have a "meaningful opportunity to disprove, clarify, or rebut before the Local Board the grounds upon which that body has relied in refusing his conscientious objector application" and thus provide for "a meaningful administrative appeal." 445 F.2d at 483, 484.

> We are, of course, not unmindful that the Selective Service System cannot be baggaged with all the habiliments or impedimenta of an adversary trial. On the other hand, the System's ratiocinations must not be so shrouded in mystery that neither the registrant nor the court has an opportunity to test them for factual reliability and rationality. We simply take the middle ground. The Local Boards and Appeal Boards, therefore, need not promulgate courtlike formal findings

of fact, but they must at least state their findings and

> "briefly summarize in the record those facts, whether they be inconsistencies in action or written statements, shifty or evasive demeanor, appearance of unreliability, lateness of claim or any other factors reasonably causing the board to reach its conclusion." United States ex rel. Hemes v. McNulty, *supra*, 432 F.2d [1182] at 1187, [7 Cir.].

445 F.2d at 485. In short, the Local Board is to give sufficient reasons so that registrant and any reviewing body will understand why he was not assigned the conscientious objector classification.

■■■■ Although we agree with the District Court that the Local Board's statement of reasons was "far from ideal and should not be relied on as a model for future registrants," the *Stetter* requirement was met under the facts of the case *sub judice*. The Board stated it was denying the application because Windsor was insincere and was using his application as an expedient to avoid military service.[2]

■■■ When the Local Board's reasons are read in light of the record as it existed at the time of denial, the basic facts upon which the Board relied are easily identified.[3] First, the record exhibits no manifestation of Windsor's opposition to war other than SSS Form 150. The form was not supplemented with any letters or documents to support his application. He made no request for

a personal appearance before the Board to offer further evidence although the opportunity was clearly available.[4] The registrant seeking a change of classification to conscientious objector status must establish his sincerity to the Local Board. *See* Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Reviewing Windsor's record there is a basis in fact for determining that his belief was not sincere.

Second, the conclusion that his conscientious objector petition was brought primarily to avoid military service has a "basis in fact" in the record. A chronology is helpful:

■■ January 9, 1970, Windsor originally classified I–A.

August 17, 1970, Windsor returned the Current Information Questionnaire, SSS Form 127, without any reference to a conscientious claim.

September 14, 1970, Windsor was notified that he was fully acceptable for military service.

January 15, 1971, Windsor requested SSS Form 150.

Windsor did not request reclassification to conscientious objector status until over one year after classification as I–A and over three months after his notification of military acceptability. This amounted to a period of "unprotected" delay[5] and coupled with the imminence of induction provided a basis in fact evidencing expediency and a ground for finding insincerity. United States v. Brown, 456 F.2d 983 (5th Cir.), cert. de-

---

2. Our scope of review is limited to a determination whether the Board action has a "basis in fact." Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

3. The parties stipulated that the defendant's service record *in toto* would serve as the sole evidentiary basis at trial. It was stipulated that defendant knowingly and willingly refused induction on the date ordered for induction by the Local Board, and that the only issue is whether or not the Local Board's order to submit to induction was invalid because it was based on an unlawful denial of a conscientious objector classification.

4. SSS Form 217, Advice of Right to Personal Appearance and Appeal was dispatched to Windsor at numerous times, including when he requested the conscientious objector form.

5. "Protected" delay is defined as a period during which the registrant had a classification lower than the I–O, conscientious objector, classification. During that period, the registrant has no duty to make a conscientious objector claim. *See* United States v. Stetter, 445 F.2d 472, 480 (5th Cir. 1971); 32 C.F.R. §§ 1623.2 and 1625.1(b).

nied, 409 U.S. 886, 93 S.Ct. 108, 34 L. Ed.2d 143 (1972); Carson v. United States, 411 F.2d 631 (5th Cir.), cert. denied, 396 U.S. 865, 90 S.Ct. 143, 24 L. Ed.2d 119 (1969).

The Local Board's explanation could and should have been better but, under the facts of this case, it was sufficient to apprise Windsor, the Appeal Board, and this Court of the basis of the Board's action. It was not infirm under the *Stetter* requirement.

### III.

Although the disposition of the prior two points require no more than the application of law previously established in this Circuit to the facts of this case, Windsor's final point requires us to decide whether both the Local Board and the Appeal Board must meet the *Stetter* standard in order to validate a denial of conscientious objector classification.

Windsor argues that his conviction should be reversed because the Appeal Board failed to state reasons why it affirmed the Local Board's denial of conscientious objector status. He contends that for the I–A classification to be valid, both the Local Board and the Appeal Board must give reasons to support their denial of his conscientious objector claim. His contention is based on the following language from Stetter:

> The essence of this rule is that whenever a registrant has asserted a prima facie case of conscientious objection, the Local Board—and, if appealed, the State Appeal Board—must state the grounds upon which rejection of the claim is based and the reasons in support thereof.
>
>   \*    \*    \*    \*    \*    \*
>
> To require the Local Board and the State Appeal Boards to state why they are rejecting an otherwise prima facie case for conscientious objection simply injects a modicum of justice into this system.

445 F.2d at 483.

The Court in *Stetter* explained the need for implementing this rule: (1) if

the Local Board fails to state any reasons for its action then the registrant "will have no meaningful opportunity to disprove, clarify, or rebut before the Local Board the grounds upon which that body has relied in refusing his conscientious objector classification." 445 F.2d at 483. (2) "Similarly, the registrant's right to a meaningful administrative appeal is abrogated by the silence of the Local Board." 445 F.2d at 484. And (3)

> Finally, and perhaps most importantly, the failure of either the Local Board or the Appeal Board to set forth its findings and reasons in support of a denial of a prima facie case of conscientious objection precludes effective judicial review from the final administrative decision.

445 F.2d at 484.

But *Stetter* does not decide whether both boards must furnish explanations since in *Stetter* neither the Local Board nor the Appeal Board had enumerated any reasons for the denial of the registrant's conscientious objector claim. Without a statement of reasons by either authority the Court was unable to discharge its function of review in determining whether there was a basis in fact for the assigned classification.

We hold that if a Local Board complies with the *Stetter* requirement to furnish the basis for its action, it is unnecessary for the Appeal Board to reiterate reasons when it by implication adopts the sufficient reasons of the Local Board. Adoption by implication can be inferred in the case at bar since the Local Board's reasons were supported by the record and no additional information was presented to the Appeal Board.

This holding permits "effective judicial review from the final administrative decision." As recently stated by the Ninth Circuit:

> Inasmuch as we have just held that there was a basis in fact for the local board's finding of insincerity, appellant's contention that the appeal board was required to state reasons for de-

nying appellant's claim is clearly without merit. In affirming, without stating reasons, the appeal board by implication adopted the local board's rationale. Notwithstanding appellant's vigorous argument to the contrary, the local board gave only one basic reason for its denial, i. e. insincerity. . . . Where, as here, the reason can be determined from the agency record with reasonable certainty, the appeal board is not required to restate it.

United States v. Buckley, 451 F.2d 594 (9th Cir. 1971), cert. denied, 406 U.S. 926, 92 S.Ct. 1798, 32 L.Ed.2d 127 (1972). *See* United States v. Guaraldi, 468 F.2d 774 (9th Cir. 1972).

Affirmed.