The UNITED STATES, Appellee,

v.

Jack POWELL, Appellant.

No. 74–1922.

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1975.

Decided April 21, 1975.

Lawrence J. Fleming, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., and Richard D. Billeaud, Sp. Atty., U. S. Dept. of Justice, St. Louis, Mo., for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Jack Powell was charged in a three-count indictment of (1) engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1), 924(a) and 2; (2) receiving and possessing firearms having previously been convicted of a felony in violation of 18 U.S.C. App. § 1202; and (3) receiving and possessing firearms stolen from an interstate shipment in violation of 18 U.S.C. §§ 659 and 2. After a jury trial he was convicted of the first two counts and acquitted of the third.

In this appeal Powell challenges the sufficiency of the evidence underlying the "dealing" conviction, and he claims that the trial court erred in refusing to give a tendered instruction regarding action taken on the advice of counsel. We affirm the judgment of conviction.

*Sufficiency of the evidence.*

Powell argues that there was no evidence that he had obtained or sold the shotguns which were the subject of the indictment as part of a "business" of dealing in firearms.

As defined in 18 U.S.C. § 921(a)(11) and used in 18 U.S.C. § 922(a)(1)

> [t]here appears to be little doubt that "dealer" means anyone who is engaged in *any* business of selling firearms, and that "business" is that which occupies time, attention and labor for the purpose of livelihood or profit. (Emphasis in original.)

United States v. Gross, 451 F.2d 1355, 1357 (7th Cir. 1971). *Accord,* United States v. Williams, 502 F.2d 581, 583 (8th Cir. 1974); United States v. Wilkening, 485 F.2d 234, 235 (8th Cir. 1973). Likewise, it is clear that dealing in firearms need not be a defendant's primary business or that he must make a certain amount of profit from it in order to be found guilty of a section 922(a)(1) violation. United States v. Wilkening, *supra,* 485 F.2d at 235.

With these principles in mind we have carefully reviewed the record. Of course, "[i]t is axiomatic that on appeal from the guilty verdict we must view the evidence on this point in the light most favorable to the government and must 'accept as established all reasonable inferences to support the conviction.' United States v. Gaskill, 491 F.2d 981, 982 (8th Cir. 1974)." United States v. Cummings, 507 F.2d 324, 329 (8th Cir. 1974).

The evidence reveals that around the end of August, 1970, Powell came into possession of six new or "like new" shotguns. Over the next several months he offered them for sale to several individuals and sold all six of them. The evidence clearly demonstrates that Powell devoted time, attention and labor to these sales. Whether he actually realized a profit from these transactions is unclear, but his purpose was certainly to obtain money for the livelihood of his family since he was having financial difficulties. And the evidence is such that it could reasonably be inferred that Powell either sought to or did, in fact, profit from selling the guns. The conclusion that Powell was a "dealer" in firearms, as that term has been defined, is supported by sufficient evidence.

*Requested instruction.*

There was controverted evidence at the trial that prior to obtaining the shotguns Powell called an attorney to determine whether, as a convicted felon, he could legally purchase and own firearms. It was, allegedly, on the advice of this attorney that Powell went ahead and took possession of the guns. Based on this evidence the following instruction was requested and was refused by the trial court:

 

The defendant further claimed that he is not guilty of willful wrongdoing because he acted on the basis of advice from his attorney.

If the defendant before taking any action sought the advice of an attorney whom he considered competent, in good faith and for the purpose of securing advice on the lawfulness of his possible future conduct, and made a full and accurate report to his attorney of all material facts of which he has the means of knowledge, and acted strictly in accordance with the advice of his attorney given following his full report, then the defendant would not be willfully doing wrong in doing something the law forbids, as that term is used in these instructions.

Such an instruction "is appropriate only in a limited class of cases, in which willful action is an essential element, and legal problems are present." 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 16.15 (2d ed. 1970). It is warranted only where the crime charged involves willful and unlawful intent. Williamson v. United States, 207 U.S. 425, 453, 28 S.Ct. 163, 52 L.Ed. 278 (1908).

Specific intent or knowledge of the defendant that he is violating the law is not an essential element of the crime of unlawful firearms dealing under section 922(a)(1). United States v. Ruisi, 460 F.2d 153, 156 (2d Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 234, 34 L.Ed.2d 176 (1972). See also United States v. Freed, 401 U.S. 601, 607–610, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). Neither is it an element of a violation of 18 U.S.C. App. § 1202(a)(1). The government need only prove that the defendant is a convicted felon and that he knowingly possessed the firearm. United States v. Mostad, 485 F.2d 199, 200 (8th Cir. 1973), cert. denied, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); United States v. Wiley, 478 F.2d 415, 418 (8th Cir. 1973), cert. denied, 419 U.S. 877, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). There-

fore, advice of counsel would constitute no defense, and the trial court did not err in refusing to give the proffered instruction. See United States v. Wood, 446 F.2d 505, 507 (9th Cir. 1971).[1]

The judgment is affirmed.

---

1. It should be noted also that the attorney, when called as a witness, failed to corroborate Powell's version of the telephone conversation.