UNITED STATES of America,
Plaintiff-Appellee,

v.

William Franklin SHIRLING,
Defendant-Appellant.

No. 77–5218.

United States Court of Appeals,
Fifth Circuit.

May 5, 1978.

John C. Swearingen, Jr., Ben B. Philips, Columbus, Ga., for defendant-appellant.

D. L. Rampey, Jr., U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

William Franklin Shirling was convicted by a jury of engaging in business as a firearms dealer without a license, in violation of 18 U.S.C. §§ 923 and 924 (1970). Evidence introduced at the trial indicated that Shirling had held a federal firearms license for several years prior to 1976 but that he had none after June 1, 1976, that he did not renew his license because he did not want "those federal bastards around for anything", and that between October 6 and November 5, 1976, he sold four firearms to two persons, one of whom was employed by the Alcohol, Tobacco and Firearms Division of the United States Treasury Department to purchase firearms from suspected illegal dealers.

Shirling urges that we reverse his conviction because the trial judge incorrectly stated the substantive law in instructing the jury.[1] We have studied the court's charge and find that it correctly represented the controlling law.

---

1. Shirling also argues that the statute under which he was convicted is unconstitutionally vague. 18 U.S.C. §§ 923 and 924. We rejected this contention in *United States v. King*, 532 F.2d 505, 510 (5th Cir. 1976), which is controlling here.

18 U.S.C. § 923(a) provides that "[n]o person shall engage in business as a firearms or ammunition importer, manufacturer, or dealer until he has filed an application with, and received a license to do so from, the Secretary". A "dealer", as used in the statute and as relevant to this case, is defined as "any person engaged in the business of selling firearms or ammunition at wholesale or retail". 18 U.S.C. § 921(a)(11). The statute does not define "engage in business".

In his instructions to the jury, the trial judge read the substantive provisions of the statute and the statutory definition of "dealer", noting that "[i]t's remarkable considering that Congress defined the term, how simple it is." He then elaborated:

> You notice there the definition doesn't say anything about making a profit. You can be a dealer in firearms and sell them for less than you paid for them. Nothing about making a profit. I expect there have been some firearms dealers that have gone in bankruptcy because they didn't make a profit, but that doesn't mean that they weren't dealers. Nothing said in there about buying and selling, because you can be a dealer just by selling. For instance, if you happen to inherit, just to use an example, suppose you had a great uncle who had a vast firearms collection. Suppose he had two hundred weapons of various kinds and you inherited that collection from your great uncle and you put up a sign saying I'm going to sell these firearms. Then you are a dealer. You didn't pay anything for them but you would be a dealer because you were opening a business, conducting a business of dealing in firearms. I presume that's the reason the Congress didn't say anything about buying, because you can get guns in a lot of ways without buying them. We all know that.

So, Congress defined the term, a dealer means any person engaged in the business of selling firearms at wholesale or retail. So, that's what that is.

> Now, obviously that definition would not include a person who just sold a firearm that he happened to own. For instance, just an isolated incident, suppose you owned a pistol at your house and suppose you just decided you wanted to get rid of it and you sell it to your brother-in-law for forty dollars. You are not a dealer under that definition because you are not holding yourself out as being a source of firearms. That's just an isolated transaction. You are not engaged in the business if you just sell an isolated firearm like that. You don't have to get a license to do that. But, if you sell—if you are in the business, that is you are holding yourself out as being a source from which you could purchase firearms, then you are in the business of selling firearms as distinguished from just an isolated transaction. Just for instance, if you have a used automobile, there is nothing in the law that requires you to have a license to sell your used automobile to a neighbor across the street if you want to. But if you get yourself some automobiles and let people know that this is a place that you can come and buy automobiles, then you have got to get yourself a used car license. You are a dealer. You are in the business. That's the difference between an isolated transaction and a business. So, it's all just getting back to the definition, the term "dealer" means any person engaged in the business of selling firearms at wholesale or retail. T. 75–77.

Shirling argues that this portion of the charge is erroneous because to "engage in business" as a firearms dealer, one must intend to make a "livelihood or profit".[2] In

---

**2.** Shirling, who put on no evidence, apparently based his defense strategy on the assumption that profit motive was an essential element of a § 923(a) violation. Comments made by his counsel in closing argument underscore this strategy and help to explain why the trial judge instructed the jury as he did:

> Judge Elliott will explain to you what, in contemplation of the statute, a dealer is. I think he will probably tell you to apply your common sense, common every day knowledge to it, what is a dealer? One who buys and sells, sells and buys for a profit . . . [T]hat's [sic] is what you have got to decide.

support of this contention, Shirling cites several cases which have defined "business", as used in the statute, as "that which occupies the time, attention and labor of men for the purpose of livelihood or profit". *United States v. King*, 532 F.2d 505, 510 (5th Cir. 1976); *United States v. Williams*, 502 F.2d 581, 583 (8th Cir. 1974); *United States v. Day*, 476 F.2d 562, 567 (6th Cir. 1973); *United States v. Gross*, 451 F.2d 1355 (7th Cir. 1971). Most of these cases deal only with the question of whether the statute is unconstitutionally vague. None purport to set forth an all-encompassing definition of "business". For that reason, we do not construe these cases as establishing that profit motive is a prerequisite to conviction under 18 U.S.C. § 923(a).

■ We think the better reasoned view is that expectations of profit are not determinative of whether one is engaged in the business of selling firearms. In some cases, evidence that the defendant made or hoped to make a profit may be relevant to the question of whether he engaged in a business. Other factors, however, such as the continuing or repeated nature of the sales, *United States v. Zeidman*, 444 F.2d 1051, 1055 (7th Cir. 1971), or representations made to prospective buyers, *United States v. Wilkening*, 485 F.2d 234 (8th Cir. 1973), may suffice to prove engagement in business, even in the absence of a profit motive. We approve the test stated in *United States v. Jackson*, 352 F.Supp. 672, 674 (S.D. Ohio 1972), aff'd without opinion, 480 F.2d 927 (6th Cir. 1973):

> [A]nyone is engaged in the business of dealing in firearms if they have guns on 'hand or are ready and able to procure them, in either case for the purpose of selling some or all of them to such persons as they might from time to time conclude to accept as customers.

As the Tenth Circuit explained in following *Jackson*, reading a profit-making requirement into the statute would vitiate its broad corrective and remedial purposes. *United States v. Swinton*, 521 F.2d 1255, 1258 (10th Cir. 1975). The statute seeks to curb crime by keeping firearms out of the wrong hands; the licensing requirement is vital to this scheme because it provides a means of controlling those who distribute firearms. S.Rep.No.1097, 90th Cong., 2d Sess. (1968), reprinted in 1968 U.S.Code, Cong. & Admin.News, Vol. 2, at 2196. See also *Huddleston v. United States*, 415 U.S. 814, 824, 94 S.Ct. 1262, 1268, 39 L.Ed.2d 782 (1974). The statute is not aimed narrowly at those who profit from the sale of firearms, but rather broadly at those who hold themselves out as a source of firearms.

We hold, then, that the trial judge correctly instructed the jury when he stated, "You notice there the definition doesn't say anything about making a profit. . . . Nothing about making a profit". Furthermore, we find no error in that portion of the charge distinguishing "business" from "isolated transactions". The trial judge's use of a hypothetical illustration, a practice which we found "unobjectionable" in *United States v. Rodriguez*, 498 F.2d 302, 308–09 (5th Cir. 1974), probably helped to make the law more comprehensible to the jury than it would have been had the judge merely recited a technical legal formula.

■ Shirling also contends that the court's charge was inflammatory, prejudicial, argumentative, and amounted to a directed verdict of guilty. Considering the charge as a whole, *United States v. Rouse*, 452 F.2d 311, 314 (5th Cir. 1971), we are

---

Did he buy and sell guns at the time alleged in the indictment for a profit. T. 51.

\* \* \* \* \* \*

[L]isten carefully to what the Judge tells you. Listen carefully when he defines what a dealer is. One who buys and sells for profit. Use your common sense. Use your experience. . . . A .25 Colt is a collector's item. Was that profit? This gun, you know how much this costs. Wasn't any hundred and twenty dollars retail. . . . That's a brand new gun, fired four times. Is that the price that the firearms man paid? Is that something you buy from someone who is attempting to make a profit? Who is engaged in the business of selling? I submit no, it is not. T. 59–60.

Counsel for Shirling properly preserved an exception to the court's charge regarding profit by timely objection. T. 81.

convinced that this allegation of error is without foundation.

The judgment of conviction appealed from is accordingly

AFFIRMED.