UNITED STATES of America, Plaintiff-Appellee,

v.

Herbert VAN BUREN, Defendant-Appellant.

No. 78–2144.

United States Court of Appeals, Ninth Circuit.

March 20, 1979.

**126**

Jose de Jesus Rivera, Asst. U.S. Atty. (argued), Phoenix, Ariz., for defendant-appellant.

Robert A. Chard (argued), Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL and CHOY, Circuit Judges, and BONSAL,* District Judge.

PER CURIAM:

Appellant Van Buren was convicted of knowingly engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1).[1] On appeal he contends that the statute is so vague and ambiguous that it fails to provide reasonable notice of what conduct is forbidden. Van Buren, a gun collector, specifically contends that the statute fails to define the point at which collecting becomes the business of dealing.

The distinction between collecting as a hobby and dealing as a business is not unknown to the law and it is recognized that where transactions of sale, purchase or exchange of firearms are regularly entered into in expectation of profit, the conduct amounts to engaging in business. *See United States v. King*, 532 F.2d 505, 510 (5th Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *United States v. Huffman*, 518 F.2d 80, 81 (4th Cir.), *cert. denied*, 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92 (1975); *United States v. Powell*, 513 F.2d 1249, 1250–51 (8th Cir.), *cert. de-*

*nied*, 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77 (1975). In its use of terms such as "business" and "dealing," well defined in the law, the statute has avoided the pitfall of vagueness.

In this case the record establishes Van Buren's willingness to trade or sell firearms, the profitability of his transactions, and the fact that his activity was greater than the occasional sales normally entered into by a hobbyist. Agents of the Bureau of Alcohol, Tobacco and Firearms observed appellant at a number of gun shows from June, 1976, until his display of 31 guns was seized in March, 1977. Testimony was that appellant's gun displays were atypical of those of a collector because he exhibited many new weapons, some in the manufacturers' boxes. During five weeks in June and July of 1976, appellant engaged in four new-guns-for-cash transactions with undercover agents. A fifth new-gun-for-cash transaction with an agent occurred later, and a sixth was observed by another witness. In discussion with undercover agents, appellant indicated he attended gun shows to buy and sell firearms. In one private meeting with an agent, appellant suggested they could each make money on future weapons transactions, and in another he discussed a future sale of ten handguns. These facts are sufficient to bring appellant within the clear scope of the statute.

We find no merit in other assignments of error. There is not the slightest showing that the indictment was the result of vindictiveness rather than legitimate prosecutorial motive. The numerous other grounds appellant asserts were, for the most part, waived by his counsel's failure to object at trial. In any event he has failed to show that error in fact existed.

Judgment affirmed.

---

* Honorable Dudley B. Bonsal, Senior United States District Judge of the Southern District of New York, sitting by designation.

1. "(a) It shall be unlawful—

    (1) for any person, except a * * * licensed dealer, to engage in the business of * * * dealing in firearms or ammunition * * *."