UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael P. VITALE,
Defendant-Appellant.

No. 78–5689
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 8, 1979.

James A. McPherson, New Orleans, La., for defendant-appellant.

Donald L. Beckner, U. S. Atty., Shelly C. Zwick, Asst. U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

Michael P. Vitale was charged with the crime of engaging in the business of dealing in firearms without a license. 18 U.S.C. § 922(a)(1). The parties stipulated that he did not have a license to deal in firearms and Vitale admitted that he had sold some firearms and had arranged for a friend to sell others. The only issue for the jury was whether he was engaged in a business. The jury found that he was. Vitale has appealed to this court, alleging a variety of procedural errors. After a careful review of the issues, we affirm the conviction.

The first contention is that the trial court should not have allowed Detective Mayeux to explain that he went to the bar where he met Vitale because the state police detectives received "information of possible criminal activity conducted at this particular bar." The premise of Vitale's objection is that this testimony was hearsay that should have been excluded. Unquestionably, it should have been excluded if it had been offered for the truth of the matter, that is, to prove that unlawful acts were being committed. *United States v. Cain*, 5 Cir. 1979, 587 F.2d 678, 680.

■ This suggestion of a cloud of criminality enveloping the defendant is best not used. There is little legitimate justification for it save to show that the police official was on business, not a vigilante, and, when necessary, such evidence can readily be supplied in some other fashion less prejudicial to the defendant. Yet we have previously allowed police agents to testify in a similar fashion for the limited purpose of explaining why they were at a particular location. *See, e. g., United States v. Gomez*, 5 Cir. 1976, 529 F.2d 412, 416. Fifth Circuit precedent permits such evidence provided that it is simply background information showing the police officers did not act without reason and, in addition, that it does not point specifically to the defendant. *Id.; United States v. Hernandez*, 5 Cir. 1971, 441 F.2d 157, 164, *cert. denied*, 404 U.S. 847, 92 S.Ct. 150, 30 L.Ed.2d 84. In this instance, both requirements were fulfilled. Detective Mayeux's brief testimony on this point

was a simple explanation of why he was at the bar; the response did not specifically point to Vitale or implicate him personally in any way.

■ As Vitale points out, the trial court failed to instruct the jury on the limited use of this testimony. Our cases approving testimony of a similar nature have noted that the trial court instructed the jury in its use, *Gomez, supra*, 529 F.2d at 416; *United States v. Herrera*, 5 Cir. 1972, 455 F.2d 157, 158; *Hernandez, supra*, 441 F.2d at 164; and, therefore, the trial court should have instructed the jury on this point. However, at trial, Vitale failed to request such an instruction. The trial court's failure to give the instruction sua sponte was not plain error. F.R.Evid. 105. *See, e. g., United States v. Garcia*, 5 Cir. 1976, 530 F.2d 650, 654–56. Detective Mayeux's statement was not contrary to Vitale's position on any contested question in the case. *Compare Gomez, supra*, 529 F.2d at 417. Thus, the failure to give a limiting instruction was not so prejudicial that Vitale's substantial rights were harmed in any way. *Garcia, supra*, 530 F.2d at 656.

■ Vitale also argues that the testimony should have been excluded because it was unfairly prejudicial under Rule 403, F.R.Evid. However, Vitale did not make this specific objection known to the court at trial, as required by Rule 103(a)(1). Even assuming that the trial court was aware of the nature of the objection, we cannot say that, under Fifth Circuit precedent, the decision to allow this testimony into evidence was an abuse of discretion. *See United States v. Johnson*, 5 Cir. 1977, 558 F.2d 744, 746, *cert. denied*, 1978, 434 U.S. 1065, 98 S.Ct. 1241, 55 L.Ed.2d 766.

■ Vitale's second ground of error is that the trial court incorrectly prevented a witness, Robert Bolds, from answering on cross-examination a question that was proper under Rule 704, F.R.Evid. However, the alleged error was not preserved for review, because Vitale's attorney failed to make an offer of proof making the substance of the evidence known to the trial court. *See*

F.R.Evid. 103(a)(2). Under the law of this circuit, the propriety of a decision to exclude evidence will not be reviewed if an offer of proof was not made at trial. *United States v. Winkle*, 5 Cir. 1979, 587 F.2d 705, 710, *cert. applied for*, 47 U.S.L.W. 3715; *Mills v. Levy*, 5 Cir. 1976, 537 F.2d 1331, 1333.

■ Vitale next argues that he was entitled to a directed verdict because the government failed to prove that he was in the business of selling guns for profit. Vitale argues that, before *United States v. Shirling*, 5 Cir. 1978, 572 F.2d 532, was decided, the government had been required to prove that the defendant sold guns for profit. This is an incorrect interpretation of *Shirling*'s impact on the prior law. *Shirling* simply confirmed that a particular jury instruction on the absence of a profit motive "correctly represented the controlling law." *Id.* at 532. There is no merit to the argument that Vitale suffered from a retroactive application of new law, because *Shirling* did not alter the terms or interpretation of the firearms statute, a law aimed "rather broadly at those who hold themselves out as a source of firearms." *Id.* at 534. For the same reasons, the trial court properly relied on *Shirling* as the source for the jury charge on profit motive.

■ Vitale finally asserts that the trial court's instruction on reasonable doubt erroneously changed the test to the less stringent preponderance of the evidence standard. However, because Vitale's attorney did not object to this charge and did not submit his own charge to the court, plain error must be demonstrated. F.R.Cr.P. 52(b). Although one sentence in the charge was not proper, the court's charge, taken as a whole, adequately conveyed the correct meaning of reasonable doubt to the jury. *See United States v. Rodriguez*, 5 Cir. 1978, 585 F.2d 1234, 1241, *reh. en banc granted on other grounds*, 585 F.2d 1251. The court's single misstatement did not cross into plainly forbidden territory.

For these reasons, the conviction is AFFIRMED.