**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James W. WILMOTH,
Defendant-Appellant.**

**No. 80–3355
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 6, 1981.

Percy Stanfield, Jr., David E. Holderfield, Jackson, Miss., for defendant-appellant.

George Phillips, U.S. Atty., Daniel E. Lynn, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant James W. Wilmoth appeals a two-count conviction, after a jury trial, for unlawfully dealing in firearms in violation of 18 U.S.C. §§ 922(a)(1) and 924(a). On appeal Wilmoth contests the district court's denial of his motion for judgment of acquittal notwithstanding the verdict or, in the alternative, his motion for a new trial on the basis that the evidence showed he made

only occasional sales of firearms as part of a hobby and not as part of a business as a dealer. In addition, he contends that 18 U.S.C. § 922(a)(1) is unconstitutional, that the court erred in excusing a juror for cause, that the jury lacked understanding of the law, and that a jury instruction was improper. We find these contentions without merit and affirm.

It is unlawful for anyone engaged in the business of dealing with firearms to operate without a license. 18 U.S.C. § 922(a)(1). Although appellant Wilmoth once discussed licensing provisions with an agent of the Bureau of Alcohol, Tobacco and Firearms (ATF), he did not apply for a license to deal in firearms. He testified that he was under the impression that as long as he remained a gun collector, making only occasional sales, he would not be classified a dealer and would have no need for a license. (R., vol. 2, at 220, 221) However, the jury found him guilty on two counts of a four-count indictment[1] charging him with dealing in firearms without a license.

In order to show a violation of 18 U.S.C. § 922(a)(1), the Government must prove the status of the accused as one engaged in the business of dealing in firearms. To do so, the Government must show a greater degree of activity than the occasional sale of a hobbyist. *United States v. Masters*, 622 F.2d 83 (4th Cir. 1980). However, it need not prove that the defendant's primary business was dealing in firearms or that he necessarily made a profit from dealing. The statute is aimed broadly at those who hold themselves out as a source of firearms. It is enough to prove that the accused has guns on hand or is ready and able to procure them for the purpose of selling them from time to time to such persons as might be accepted as customers. *United States v. Vitale*, 596 F.2d 688 (5th Cir. 1979), *cert. denied*, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); *United States v. Shirling*, 572 F.2d 532 (5th Cir. 1978).

In this case the record establishes appellant's willingness to sell firearms and that his activity was greater than that of occasional sales entered into by a hobbyist. ATF agents observed appellant Wilmoth on July 3, 1978 with fourteen long guns and four hand guns and on August 7, 1978 with twenty-six long guns and seven hand guns displayed and offered for sale to the public. On September 2, 1978, appellant displayed forty weapons and sold two agents two guns each. He stated he dealt in only high-quality hand guns and displayed business cards. Again, on September 11, 1978, appellant had approximately thirty guns displayed for sale at his home. He sold two guns to an agent for $150 and was observed selling another gun to a third party. On September 18, 1978, he sold two more guns to an agent for $115. In addition, Wilmoth admitted that of the twenty-eight firearms seized from his residence on December 12, 1978, twenty-four at one time or another were offered by him for sale.

Appellant also contends that 18 U.S.C. § 922(a)(1) is unconstitutionally vague. We rejected this contention in *United States v. King*, 532 F.2d 505 (5th Cir. 1976), *cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 387 (1976) and *United States v. Shirling, supra*. *See also United States v. Van Buren*, 593 F.2d 125 (9th Cir. 1979).

Appellant also contends that the jury misunderstood the law and that the verdict was contrary to the evidence. He points out that he was found guilty on two counts of an indictment which contained four identical charges. In the absence of evidence to the contrary, a court has no reason to assume that an inconsistent or compromise verdict is not unanimous, and therefore has no justification for inquiring into the logic behind the jury's verdict. *United States v. Gibson*, 553 F.2d 453, 457 (5th Cir. 1977). There was ample evidence to support the jury's finding that appellant

---

1. Appellant was convicted on counts 1 and 2 of the indictment for unlawfully dealing in firearms on September 11 and 18, 1978. However, he was acquitted on counts 3 and 4 of the indictment which also charged appellant with unlawfully dealing in firearms on October 19 and December 11, 1978.

engaged in the business of dealing in fire-arms without a license.

 Finding no merit in appellant's other assignments of error,[2] we affirm appellant Wilmoth's conviction.

AFFIRMED.

2. We have considered appellant's objection to the jury instruction on the definition of reasonable doubt. The instruction given is the same corrected instruction found in the "Pattern Jury Instructions (Criminal Cases)" prepared in 1978 by the United States Fifth Circuit District Judges Association. In viewing the instruction as a whole, we find no reversible error. *See United States v. Tobin,* 576 F.2d 687 (5th Cir. 1978), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978).

Also considered was appellant's assertion that the trial court erred in dismissing a juror for cause. After reviewing the record, we hold that the trial judge acted properly in excusing this juror. *United States v. Bailey,* 468 F.2d 652, 658 (5th Cir. 1972), *aff'd on other grounds,* 480 F.2d 518 (5th Cir. 1973) (*en banc*).