**UNITED STATES of America**

v.

**William VOGT.**

**Crim. No. 85–00490.**

United States District Court, E.D. Pennsylvania.

Feb. 10, 1986.

---

§ 7206(1). He has filed various post-verdict motions. He was acquitted of two counts of extortion. In light of this result, his post-verdict arguments that relate exclusively to the extortion charges are dismissed.[1]

Defendant makes two arguments pertinent to the income tax evasion convictions. On cross-examination, he initially denied having access to a safe deposit box. Later, when confronted with documentary evidence, he admitted having joint access to three safe deposit boxes but denied using them. This line of inquiry was objected to as beyond the scope of direct examination.

I overruled that objection because the questioning was directly related to the government's theory that defendant had secreted large amounts of cash and because it involved defendant's credibility on a highly relevant issue. *See United States v. Rockwell*, 781 F.2d 985, 990 (3d Cir.1986) (wide latitude afforded on cross-examination where genuine issue of credibility exists).

Two printing contractors testified that in order to obtain printing work they paid defendant $489,000 in cash during the period from 1980 to 1982. Defendant, who was a regional advertising manager for Sears, Roebuck & Co., denied receipt of any of the moneys. His income tax returns reported taxable income of $14,978, $33,789, and $45,816 for the three years in issue.

The decision cited in defendant's post-verdict brief, *United States v. Pantone*, 609 F.2d 675, 683 (3d Cir.1979) condemns the government's cross-examination "on collateral matters not testified to on direct in order to establish a ground for admission of otherwise inadmissible evidence." At defendant's trial, the safe deposit evidence was neither on a collateral matter nor otherwise inadmissible. See *United States v. Hykel*, 461 F.2d 721 (3d Cir.1972); *United States v. Green*, 373 F.Supp. 149 (E.D.Pa.1974).

Joel M. Friedman, Ronald G. Cole, Office of U.S. Atty., Philadelphia, Pa., for U.S.

F. Emmett Fitzpatrick, Philadelphia, Pa., for Vogt.

## ORDER AND MEMORANDUM

LUDWIG, District Judge.

On January 24, 1986 defendant William Vogt was found guilty by a jury of filing false individual income tax returns for the years 1980, 1981, and 1982. 26 U.S.C.

---

1. Those arguments are that he should have been granted a continuance on the day of trial, that evidence of a prior alleged extortion should have been excluded, and that government summaries of the alleged extortion payments were also improperly received. If defendant had been convicted of extortion, I believe these contentions would have been meritless.

Defendant's second argument is that a jury question was not properly answered. During deliberations, a note was sent by the jury asking whether it could find defendant guilty of income tax evasion without convicting him of extortion. I told the jury that it could do so, that the answer to the question, as asked, was simply, Yes. I refused defendant's request for a further instruction that "under the government's theory and its proof the only income received by [defendant] was through this process of extortion and if [you] find that he did not receive any income through ... the scheme of extortion, or whatever they want to call it, [you] cannot properly convict on the income [tax] counts either."

■ It has been held repeatedly that a jury verdict in a criminal case may defy rationality, the jury having "the power to bring in a verdict in the teeth of both law and facts." *Horning v. District of Columbia,* 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920) (per Holmes, J.). *See* 3, Wright, *Federal Practice and Procedure* § 514 (2d ed. 1982). A multiple count indictment is considered as if each count were a separate indictment, and the verdicts on various counts need not be consistent. *Harris v. Rivera,* 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981). Even if the defendant could not have committed one crime without committing both, an acquittal of one will not upset a conviction on the other, so long as the conviction was sufficiently evidenced. *E.g., United States v. Wilmoth,* 636 F.2d 123 (5th Cir.1981).

■ Here, the verdicts were not necessarily inconsistent. Under the evidence, the jury could have readily concluded that defendant received the alleged payments, but not in an extortionate context, more as a mutually contrived arrangement or perhaps as bribery. The most the professed victims would say was that they understood and believed the payments were prerequisite to their receipt of business from Sears, Roebuck, and the jury may not have regarded the circumstantial evidence of extortion as persuasive.

■ Moreover, the defendant's requested instruction was potentially misleading.

It could have been interpreted by the jury as an "all or nothing" direction, which, as noted, would have usurped the jury's function. *See United States v. Rockwell, supra.* Depending on the jury's analysis of the evidence, it could also have been prejudicial to the government or to the defendant, bringing about a conviction or an acquittal on all counts because the jury erroneously was led to believe it was limited to those choices. For these reasons, I believe it would have been a mistake to have given the requested instruction.