**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Zheng Jian SHAN, Defendant–**
**Appellant.**

No. 02–10574.
D.C. No. CR–02–00008–ARM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2003.*
Decided Oct. 28, 2003.

Patrick J. Smith, U.S. Attorney's Office, Saipan, MP, for Plaintiff–Appellee.

Bruce Berline, Saipan, MP, for Defendant–Appellant.

Before HALL, O'SCANNLAIN, Circuit Judges, and BEISTLINE,** District Judge.

### MEMORANDUM***

Defendant Zheng Jian Shan ("Shan") appeals his conviction and sentence on one count of dealing in firearms without a license following a bench trial. More specifically, Shan contends the Government failed to introduce sufficient evidence that he was a firearms dealer, pursuant to 18 U.S.C. § 922(a)(1)(A), to support his conviction and sentence.

Shan's argument rests upon the absence of evidence showing that he profited through the "repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(C). Nevertheless, this Court has previously held that if a person "has guns on hand or is ready and able to

---

* The panel finds this case suitable for decision without oral argument. See Fed R.App.P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

procure them," that person is engaged in the business of dealing in firearms. *United States v. Breier*, 813 F.2d 212, 213–14 & n. 1 (9th Cir.1987) (*quoting U.S. v. Wilmoth*, 636 F.2d 123, 125 (5th Cir. Unit A 1981)).

The District Court found that the Government presented evidence of Shan's ability and willingness to procure additional firearms for the Government's informant. Although the Government provided evidence of the sale of weapons—arguably in only one transaction—it also submitted evidence of Shan's disposition as a person "ready and able to procure" additional weapons. Moreover, the evidence leaves little doubt as to Shan's ability to seek and find weapons for resale.

Viewing the evidence in the light most favorable to the Government, we find that a rational trier of fact could have found the elements for this crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Edmonds*, 103 F.3d 822, 824–25 (9th Cir.1996).

Consequently, Shan's conviction and sentence is hereby **AFFIRMED**.