**Albert K. KWAN, Petitioner–Appellant,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Division of the Department of Justice, Respondent–Appellee.**

No. 05–36004.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2007.*

Filed July 25, 2007.

Eric R. Stahlfeld, Seattle, WA, Joseph A. Conte, Esq., Washington, DC, for Petitioner–Appellant.

Albert K. Kwan, Bellevue, WA, pro se.

Peter Angus Winn, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before: ALARCÓN, FERNANDEZ, and WARDLAW, Circuit Judges.

**MEMORANDUM****

Albert K. Kwan appeals the district court's grant of summary judgment to the

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Bureau of Alcohol, Tobacco and Firearms (BATF) on Kwan's petition for review of BATF's refusal to renew his licenses to manufacture firearms. We affirm.

On this record, it is clear that there was no location [1] where Kwan was devoting "time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured." 18 U.S.C. § 921(a)(21)(A); *see also id.* (22); 18 U.S.C. § 923(a); *cf. United States v. Van Buren,* 593 F.2d 125, 126 (9th Cir. 1979) (per curiam) (holding that regularly conducted transactions for profit constitute engaging in business). No reasonable trier of fact could find to the contrary. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). Therefore, the district court properly granted summary judgment to BATF.[2]

AFFIRMED.

---

1. We, therefore, need not consider whether manufacturing licenses are location specific. *Cf. United States v. Ogles,* 440 F.3d 1095, 1099 (9th Cir.2006) (en banc) (in criminal proceeding indicating, but not deciding, that dealers' licenses are not location specific).

2. We need not, and do not, consider whether Kwan also failed to cooperate with BATF. Resolution of that issue one way or the other would not change the result.