# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2011

Lyle W. Cayce
Clerk

No. 09-41211

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ANDRES CASTRO–FONSECA,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 09-CR-747

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Andres Castro–Fonseca appeals his conviction for conspiring to possess and possessing with an intent to distribute 4.8 kilograms of cocaine. On appeal he argues that the district court erroneously admitted two forms of hearsay evidence at trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2009, Andres Castro–Fonseca was stopped while attempting to cross the border between Mexico and the United States at the Los Indios

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41211

Bridge near Brownsville, Texas. The officers at Los Indios stopped the defendant's vehicle, a 1998 Ford Expedition, because they were acting on a tip received by Agent David Arce from Immigration and Customs Enforcement.

When officers spotted the defendant's vehicle approaching the primary inspection lane, they directed the defendant to pull the vehicle between two concrete barriers to minimize flight risk. Five officers surrounded the vehicle, and the defendant was immediately taken to a holding cell. The officers moved the vehicle to a secondary inspection area where a drug-sniffing dog alerted the officers to the presence of drugs. After nearly three hours of investigation, the officers found nine packages of cocaine hidden in the firewall between the dashboard and the engine of the vehicle.

The defendant denied any knowledge that the cocaine was in the car. He told Agent Arce that he had purchased the vehicle just two weeks earlier and that he had lent it to an unnamed friend in Valle Hermoso, Mexico for five days. He stated that he had left work in Reynosa, Mexico and driven to Valle Hermoso to pick up the vehicle before driving to the Los Indios bridge.

The defendant was charged with conspiring to possess and possessing with an intent to distribute 4.8 kilograms of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846. The sole issue at trial was whether the defendant knew that the cocaine was hidden in the vehicle. The jury found him guilty, and the defendant appeals, arguing that he should have a new trial because the district court erred in admitting hearsay evidence, some of which was admitted in violation of the defendant's rights under the Confrontation Clause. We find no reversible error.

## II.  DISCUSSION

### A.    Testimony Regarding the Tip

The defendant argues that his rights under the Sixth Amendment's Confrontation Clause were violated when the district court permitted several

No. 09-41211

officers to testify regarding the substance of the tip they received. "Alleged violations of the Confrontation Clause are reviewed *de novo*, but are subject to a harmless error analysis." *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004).[1]

The Confrontation Clause bars the admission of testimonial hearsay. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Such statements may admitted, however, if they are used for a non-hearsay purpose. *See United States v. Holmes*, 406 F.3d 337, 349 (5th Cir. 2005); *see also Crawford*, 541 U.S. at 60 n.9 (the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"). We have held that officers may testify regarding a tip they received for "the limited purpose of explaining why they were at a particular location" because such information is "simply background information showing the police officers did not act without reason." *United States v. Vitale*, 596 F.2d 688, 689 (5th Cir. 1979) (per curiam); *accord United States v. Brown*, 560 F.3d 754, 764 (8th Cir. 2009) (admission of victim's statement regarding the street nickname of his attacker did not violate the Confrontation Clause because "[a]n out of court statement is not hearsay when offered to explain why an officer conducted an investigation in a certain way"); *United States v. Gibbs*, 506 F.3d 479, 486 (6th Cir. 2007) (testimony regarding tip that defendant may have had a gun did not violate the Confrontation Clause because it was "offered simply as background evidence" to explain the officers' actions). In *United States v. Hernandez*, 441 F.2d 157 (5th Cir. 1971), an officer testified that he received a tip regarding a

---

[1] The government contends that our review is for plain error because the defendant failed to object to the testimony at trial. *See United States v. Rose*, 587 F.3d 695, 700 (5th Cir. 2009). On the morning of trial, the district court overruled the defendant's general objection to "any reference to any tip." During trial the defendant objected to the testimony of Agent Rodriguez and Officer Barreda, but he did not object to the testimony of Officer Hernandez and Agent Arce. We need not decide whether the defendant sufficiently preserved the issue because, under either standard, it was not error for the district court to admit the testimony.

No. 09-41211

specific vehicle that would be used to smuggle heroin from Mexico into the United States, including the make, model, color, and license plate number. *Id.* at 163. We held that the testimony was not hearsay because it was used to explain to the jury why the officers were following that particular vehicle and that the officers "did not act in vacuum." *Id.* at 164.

Though officers may refer to a tip to explain their actions, "[p]olice officers cannot, through their trial testimony, refer to the substance of statements given to them by nontestifying witnesses in the course of their investigation, when those statements inculpate the defendant." *Taylor v. Cain*, 545 F.3d 327, 336 (5th Cir. 2008) (holding that police officer improperly testified regarding a tip from a non-testifying witness who identified the defendant as "the perpetrator"). Testimony about a tip becomes inadmissible hearsay if the testimony at trial "also points directly at the defendant and his guilt in the crime charged." *United States v. Evans*, 950 F.2d 187, 191 (5th Cir. 1991). Indeed, central to our holding in *Hernandez* was the fact that the officers did not relay any portion of the tip that specifically linked the defendant to the vehicle or the heroin. 441 F.2d at 164; *see also United States v. Gomez*, 529 F.2d 412, 416 (5th Cir. 1976) (holding that testimony about tip was inadmissible hearsay because it linked the illegal drugs with the occupants of the stopped vehicle).

At trial in this case, the Government presented testimony from four officers that related to the tip they received. Agent Rodriguez testified, "We had received a tip over the phone. One of the other officers had received a phone call."[2] Officer Barreda, who was stationed at the primary inspection booth,

---

[2] Agent Rodriguez also testified that she "saw the driver coming up" because "there was a lookout." The defendant objected to this testimony, and the district court instructed the jury to disregard it. We do not address the defendant's argument regarding this portion of Agent Rodriguez's testimony further because it was not "so highly prejudicial as to be incurable by the trial court's admonition." *United States v. Ramirez–Velasquez*, 322 F.3d 868, 878 (5th Cir. 2003) (citation omitted).

No. 09-41211

testified regarding the procedure she planned to follow if a "certain event" occurred, with the "certain event" being that she or another agent spotted the vehicle that was the subject of the tip.  Officer Hernandez testified that the officers at Los Indios had received a tip and that "a plan [was] put in place as to what would happen if a certain event occurred."  He also testified that because of the tip "there [were] about five of us who were actively searching for the vehicle."  Finally, Agent Arce testified that he personally received a tip, after which "I called the bridges and I gave them information on the information that I had received, a vehicle description."

The defendant first argues that it was unnecessary for the officers to even tell the jury that they received a tip.  According to the defendant, the government had no need to explain to the jury why the officers had stopped the his vehicle because Customs and Border Protection officers have authority to stop all persons crossing into the United States and to conduct a "routine" search.  *See United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985).  However, the sequence of events here was hardly "routine," and the information that the officers were acting on a tip likely assisted the jury in understanding why they directed the defendant to stop his vehicle in an unusual place and why they immediately escorted the defendant to a holding cell.

The defendant next argues that the officers' testimony improperly conveyed the substance of the tip to the jury and directly implicated him.  We disagree.  The officers' testimony regarding the tip provided background information for the stop without directly inculpating the defendant.  As in *Hernandez*, the most that the jury could have learned from the testimony was that the officers at Los Indios were looking for a specific vehicle.  Any inference that the informant had told the officers that the vehicle contained drugs in no way connected the vehicle or the drugs directly to the defendant because the officers did not testify regarding what, if anything, the informant told them

No. 09-41211

about the occupants of the vehicle. By his own statement, the defendant did not come into possession of the vehicle until shortly before he was stopped at Los Indios; thus, he was free to argue, as he did, that he had no knowledge that there was cocaine hidden in the vehicle. Therefore, we find no error in the district court's admission of the officers' testimony regarding the tip.

**B.   Testimony Regarding Vehicle Ownership Records**

The defendant also argues that the district court erred in permitting Agent Arce to testify regarding the ownership records for the vehicles in which the defendant crossed the border on previous occasions because such testimony was hearsay. Our review of a district court's evidentiary rulings is generally for abuse of discretion, but where a party fails to properly object, our review is for plain error. *United States v. Williams*, 620 F.3d 483, 488–89 (5th Cir. 2010). The parties dispute whether the defendant properly raised his objection in the district court because he did not object until after Agent Arce had already answered the prosecutor's questions. *United States v. Johnston*, 127 F.3d 380, 392 (5th Cir. 1997) (a party must "object to the admission of the evidence at the first available opportunity" to preserve an error for appellate review). Even under the less deferential standard of abuse of discretion, however, any error in the admission of evidence is subject to the doctrine of harmless error. *See United States v. Hall*, 500 F.3d 439, 443 (5th Cir. 2007) (an error is harmless if it "did not contribute to the verdict obtained").

According to Agent Arce, a record is created for every person and vehicle that crosses the border at a border checkpoint. These records are held in a database called Treasury Enforcement Communications System (TECS). Agent Arce testified that he cross-referenced the TECS records for the defendant's crossings with the TECS records for the vehicles that crossed on the same day at the same time. In doing so, Agent Arce was able to identify the vehicles in which the defendant had previously crossed the border. The government

No. 09-41211

introduced into evidence the TECS records for the defendant's crossings as well as the records for each of the vehicles. *See United States v. Puente*, 826 F.2d 1415, 1418 (5th Cir. 1987) (holding that TECS records are admissible under Federal Rule of Evidence 803(8) as public records).

Agent Arce determined that the defendant crossed the border on six separate occasions between January and June 2009 in three different vehicles: a 1998 Ford Expedition, a 2004 Ford F-150, and 1998 Jeep Cherokee. Agent Arce then consulted other unidentified "records" to determine that the Expedition was owned by Pablo Cesar Jimenez Quintero, the F-150 was owned by Gerardo Alberto Pedraza Aguilar, and the Jeep Cherokee was owned by Daniel Ramos Flores. The defendant contends that Agent Arce's testimony regarding the ownership of the Expedition and the F-150[3] was hearsay and that its admission was reversible error.

The government argues that the testimony was not hearsay because Agent Arce had personal knowledge of the ownership of the vehicles acquired through review of his "records." *See United States v. Vosburgh*, 602 F.3d 512, 539 n.27 (3d Cir. 2010) (noting that officer's testimony regarding a girl's age was "arguably" not hearsay because he had learned the information after consulting "vital statistics"). However, Agent Arce testified only that his "records indicate" the owners of the vehicles. He did not testify regarding the nature of the records he consulted to learn the information, and we are unable to identify from the record before us the source from which Agent Arce learned this information. *See United States v. Black*, 436 F.2d 838, 840 (5th Cir. 1971) (per curiam) (holding that officer's testimony regarding the contents of a message he received from a licensing bureau was inadmissible hearsay). Moreover, the government did not enter these records into evidence, so even if such records are admissible under

_____

[3] The defendant does not appeal the admission of Agent Arce's testimony regarding the ownership of the Jeep Cherokee.

7

the hearsay rules, Agent Arce was testifying to the contents of an out-of-court document. *See id.* We need not decide whether the testimony was in fact hearsay, however, because we find any error in the admission of the testimony to be harmless.

The government used Agent Arce's testimony about the ownership of the vehicles to attack the defendant's credibility and to show that the defendant did not own any of the vehicles in which he had crossed the border in the previous six months, the inference being that the defendant would not have trafficked drugs in a vehicle that he owned. Sufficient other admissible evidence, including the TECS records, established the same information. The government was able to prove, through the TECS records, that Mr. Jimenez Quintero, the record owner of the Expedition, had crossed the border in the Expedition both before and after the defendant claimed to have purchased it. And the TECS records for both the Expedition and the F-150 sufficiently demonstrated that the defendant had little connection with either vehicle.

Moreover, the defendant's guilt was established by other extensive evidence. The government presented evidence that the Expedition was extraordinarily clean, which is typical of drug traffickers who have attempted to erase fingerprints and traces that the vehicle has been taken apart; no personal items were in the Expedition; the defendant was carrying only the key to the Expedition and had no house keys or the like; the defendant's demeanor suggested guilt because he was nervous prior to the stop and never asked why he was being taken to the holding cell; the defendant was carrying a large amount of cash; and the value of the cocaine was between $97,500 and $390,000, which suggested that the true owner of the cocaine, if not the defendant, would not have entrusted it to the unsuspecting defendant. Given that other sources of information supported the inferences to be gleaned from Agent Arce's testimony and that the evidence was of limited importance to the government's

No. 09-41211

case, we conclude that the testimony regarding the ownership records did not contribute to the jury's verdict and any error in its admission was therefore harmless. *United States v. Cooks*, 589 F.3d 173, 180 (5th Cir. 2009) (error is harmless where there is "other extensive evidence" of guilt).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.