NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Appellee,<br><br>  v.<br><br>SEAN RONALDO ALEXANDER,<br><br>             Defendant-Appellant. | No.   17-50258<br><br>D.C. No.<br>2:16-cr-00471-RGK-3<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Appellee,<br><br>  v.<br><br>FRANCISCO JUANTONIO HILT, AKA<br>Frebo,<br><br>             Defendant-Appellant. | No.   17-50353<br>        19-50308<br><br>D.C. No.<br>2:16-cr-00471-RGK-2 |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 6, 2020
Pasadena, California

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sean Alexander and Francisco Hilt ("Defendants") were convicted of multiple charges for illegal sales of firearms. They appeal their convictions and the district court's denial of Hilt's motion for a new trial. We affirm.

1.      There was sufficient evidence for the jury to find that Alexander and Hilt engaged in a "regular course of trade or business" of unlicensed dealing in firearms under 18 U.S.C. §§ 922(a)(1)(A), 921(a)(21)(C). Alexander participated in four sales from December 2015 to May 2016, and Hilt participated in five sales from December 2015 to February 2016. In addition, Defendants expended considerable effort aside from the enumerated transactions, such as obtaining the firearms, making sales to others, and soliciting purchases from a confidential informant. The government also presented evidence that Defendants were motivated by profit. A rational jury considering this evidence could find that Alexander and Hilt devoted time, attention, and labor to dealing in firearms as a regular course of business.

2.      We review for plain error Defendants' claim that the government submitted an improper legal theory to the jury in its closing argument by stating that "two transactions are enough to hold them guilty." Defendants' argument fails. The statement was part of the government's argument that Defendants agreed to violate 18 U.S.C. § 922(a)(1)(A). *See United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) ("[A]n agreement to accomplish an illegal objective" is an element of

conspiracy.). Accordingly, the statement was permissible in the context of the conspiracy charge. Regardless, given the significant evidence of many firearm sales over a period of months, any error in the closing argument was not prejudicial.

3. Section 922(a)(1)(A) is not void for vagueness as applied to Defendants. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). The statute was sufficiently clear to give Defendants notice that their seven sales, conducted for profit and over a number of months, fell within its proscription. In particular, § 922(a)(1)(A)'s reference to "engag[ing] in the business" of dealing in firearms is not void for vagueness. The "use of terms such as 'business' and 'dealing'" are "well defined in the law." *United States v. Van Buren*, 593 F.2d 125, 126 (9th Cir. 1979) (per curiam). The definition of "engaged in the business" at § 921(a)(21)(C), enacted after *Van Buren*, only added clarity to § 922(a)(1)(A).

4. The district court did not abuse its discretion in denying Hilt's pretrial motion to compel the production of the confidential informant's identity. *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006). "To obtain disclosure of the identity of a confidential informant, a defendant must show a need for the information."

3

*United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993). "[M]ere suspicion that information will prove helpful is insufficient . . . ." *United States v. Wong*, 886 F.2d 252, 256 (9th Cir. 1989). Hilt did not argue why the informant's identity would further his entrapment defense. In addition, the government disclosed the informant's criminal record, benefits provided, and communications with Hilt. Under these circumstances, the district court acted within its discretion in ordering the government to disclose the informant's identity one week prior to trial should the government decide to call him as a witness. Additionally, because Hilt discovered, and the government confirmed, the informant's identity only nine days after the court's denial of the motion to compel, any error did not prejudice Hilt's substantial rights. *United States v. Amlani*, 111 F.3d 705, 712 (9th Cir. 1997).

5. The government did not violate its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce the confidential informant's name; the transcripts and records of his testimony in state and federal criminal cases; and evidence of the informant's violence, drug addiction, or mental illness. To violate *Brady*, the government's failure to disclose evidence must be material, such that it creates "a reasonable probability that the outcome would have been different" and "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Amado v. Gonzalez*, 758 F.3d 1119, 1140 (9th Cir. 2014) (simplified).

4

Setting aside the government's arguments that it did not possess certain of the information at the relevant time, Defendants failed to satisfy *Brady*'s materiality requirement. Hilt primarily argues that the information would have supported his entrapment defense, but he does not explain how. Hilt suggests that the fact that the informant grew up in Hilt's neighborhood, his history of working for law enforcement, and law enforcement's need for an informant in that neighborhood show that the informant targeted or lured Hilt. But none of this evidence would demonstrate inducement or a lack of predisposition as required for entrapment. *See United States v. Si*, 343 F.3d 1116, 1125 (9th Cir. 2003). Likewise, Hilt fails to connect either element of entrapment to the informant's history of violence, drug addiction, or mental illness, or to the informant's testimony in the state case.[1]

Nor does the possible impeachment value of this material warrant reversing Defendants' convictions. In Hilt's view, the informant's unreliability is demonstrated by the dismissal of the state case in which he testified and the informant's threat of violence to his girlfriend. But this evidence does not put the whole case in a different light so as to undermine confidence in the verdict, especially since each of the firearms transactions between the informant and

---

[1] For the same reason, this evidence would not support his motion to dismiss for outrageous conduct. *See United States v. McClelland*, 72 F.3d 717, 721 (9th Cir. 1995) (Dismissals for outrageous conduct must meet "extremely high standard" and be "grossly shocking and . . . outrageous," such as where the government "completely fabricat[ed] the crime.").

Defendants was video-recorded. *Banks v. Dretke*, 540 U.S. 668, 698–701 (2004) (noting that suppressed evidence is not material where other evidence provided "strong support" for conviction); *Amado*, 758 F.3d at 1140.

6.      Defendants' Sixth Amendment confrontation rights were not violated as a result of the informant not testifying under his true name. At trial, the government requested "to [not] distribute any documents with [the informant's] actual name." The government also asked, "Is it fine if we refer to the confidential informant simply as the confidential informant?" The district court did not plainly err in granting the request.

Defendants argue that the district court's decision violated the Confrontation Clause. But the court's order was limited to the government's use of the informant's real name and did not correspondingly limit Defendants' cross-examination. In any case, Defendants failed to show any prejudice from their purported inability to use the informant's true name. Any suggestion that the jury would assume that Defendants threatened the informant since the government did not use his name is wholly speculative.

7.      The indictment and jury instructions for Hilt's felon-in-possession charges under 18 U.S.C. § 922(g)(1) were not plainly erroneous. A violation of § 922(g)(1) requires that the defendant know that he had been convicted of a crime punishable by more than one year's imprisonment at the time of his possession. *See Rehaif v.*

*United States*, 139 S. Ct. 2191, 2194 (2019); *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019). Though the omission of this knowledge element from the indictment and jury instructions was erroneous, it did not affect Hilt's substantial rights. *Benamor*, 937 F.3d at 1188–89.

The government presented evidence that Hilt pled no contest in July 1999 to violating California Health & Safety Code § 11359. Though he received only a suspended sentence, 3 years' probation, and 60 days in county jail, the violation was a felony. Cal. Health & Safety Code § 11359 (1999) (requiring that one who violates the section "shall be punished by imprisonment in the state prison"); Cal. Penal Code § 17 (1999) ("A felony is a crime which is punishable with death or by imprisonment in the state prison."). The record shows that he was informed of the drug offense's maximum penalty. *See* Cal. Penal Code § 18 (1999) (providing a penalty of 16 months, two years, or three years' imprisonment). Hilt also admitted during a post-arrest interview that he knew he could not possess guns because of his felony conviction.

8.     The jury instructions were not plainly erroneous as to Hilt's convictions for the sale of firearms to a prohibited person under 18 U.S.C. § 922(d)(1). The charges against Hilt were predicated on his sales of firearms to the informant, who is undisputedly a felon. While the jury instruction substituted "convicted felon" for the statutory phrase "convicted of a crime punishable by imprisonment for a term

7

exceeding one year," 18 U.S.C. § 922(d)(1), any error did not affect Hilt's substantial rights. Hilt acknowledges that the informant told him that he was a felon. Such information gave Hilt "reasonable cause to believe" the informant had been convicted of a crime punishable by more than a year in prison, as required by the statute. 18 U.S.C. § 922(d)(1); *see also Felony*, Random House Webster's College Dictionary 484 (1999) (defining felony as "an offense of graver character than a misdemeanor and usu. punished by imprisonment for more than one year").

9.     Defendants argue that their convictions should be reversed for cumulative error. But reversal on grounds of cumulative error is not available where "evidence of guilt is otherwise overwhelming." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007). Each sale to the informant was video- and audio-recorded, and Defendants' voices and faces were identifiable. The government also presented text messages between Defendants and the informant detailing their planned transactions. Accordingly, reversal for cumulative error is inappropriate.

10.     Hilt's 13-year sentence was not an abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). He argues that he was learning disabled, severely abused as a child, and extremely poor all of his life, while his prior crimes were misdemeanors involving marijuana and traffic offenses. But the court took those facts into account and imposed a below-Guidelines sentence. *Cf. United*

8

*States v. Amezcua–Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009) (explaining that a sentence within the Guidelines range is usually reasonable).

*     *     *

For the foregoing reasons, the district court's judgments are **AFFIRMED**.